## 7692. METROPOLITAN LIFE INSURANCE COMPANY v. THOMPSON.

1. Under the laws of this State, a contract of insurance, fire or life, "to be binding, must be in writing; but delivery is not necessary if, in other respects, the contract is consummated." Civil Code (1910), §§ 2470, 2499. "A contract of life insurance is consummated upon the unconditional written acceptance of the application for insurance by the company to which such application is made." *New York Life Ins. Co.* v. *Babcock,* 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134). "The receipt by an agent from his insurance company of a policy to be unconditionally delivered by him to the applicant is, in law, tantamount to a delivery to the insured, although the agent never parts with possession of the policy, and although its delivery to the applicant is by contract made essential to its validity." *Id.*

2 "The manual delivery of the policy is not necessary where the policy has been issued by the company and simply retained by the agent for his individual protection until reimbursed by the insured." *Fireman's Fund Ins. Co.* v. *Pekor,* 106 *Ga.* 1 (31 S. E. 779); *Mechanics' & Traders' Ins. Co.* v. *Mutual &c. Asso.,* 98 *Ga.* 262 (25 S. E. 457).

3. The actual payment in advance of the first premium upon a policy of life insurance is not necessary to the validity of the contract, unless the payment of the first premium is, by the express terms of the policy, or by necessary implication, made a condition precedent to any liability of the insurer on the contract.

4. It follows from the above that, where the petition alleged, in effect, that the plaintiff was the beneficiary named in a life-insurance policy, that the insured made application to the local agent of the company for a policy of life insurance, that the applicant was examined by the company's physician, and his application for insurance accepted by the company, that the policy of insurance was duly issued by the company and was actually forwarded and received by the local agent, who on the date of the death of the insured had it ready for delivery to him, but, after learning of his death by accident, refused to deliver it, and that on account of this refusal a copy of the contract was not attached to the petition, the petition set forth a cause of action, and was not demurrable upon the ground that it did not aver that the first premium had been paid, or that the policy was in force on the date of the death of the insured. The remaining grounds of the demurrer were likewise without merit. The court, on demurrer, could not determine that the contract was not in force at the time of the death of the insured, or that the payment of the first premium was a condition precedent to any

liability of the insurer on the contract, no copy of the contract having been attached to the petition.

5. The policy was introduced in evidence. By its terms the payment of the first weekly premium while the insured was alive and in sound health was made a condition precedent to the liability of the insurer under the contract, and it contained a further provision that the agent was without power to make, alter, or change any term of the contract. The policy, by its terms, did not require actual delivery to the insured. The court charged the jury as follows: "If, as contended by the plaintiff in this case, the application was made by the insured, and he arranged with the insurance agent that the insurance agent was to pay the first premium, and he was to return it personally to the insurance agent, and he sent in his application in that way, and you should find that the insurance agent reported to his company that it was paid— the first premium, and that thereupon his company issued the policy and forwarded it to the agent to be delivered to the insured, then that would be a binding insurance contract between that company and the assured." *Held,* that this charge was error. It was not shown that the agent was a general agent of the company, but, under the undisputed evidence in the record, he was a special agent, with limited authority. His mere statement to his company, made in writing or otherwise, that the first premium had been paid, if in fact it had not been paid, did not, under the terms of the policy, alter that part of it by which the payment of the first weekly premium was made a condition precedent to the liability of the insurer. *Reese* v. *Fidelity Mutual Life Asso.,* 111 *Ga.* 482 (36 S. E. 637); *Mutual Life Ins. Co.* v. *Clancy,* 111 *Ga.* 865 (36 S. E. 944); *Mutual Reserve Asso.* v. *Stephens,* 115 *Ga.* 192 (41 S. E. 679); *Brown* v. *Mutual Benefit Ins. Co.,* 131 *Ga.* 38 (61 S. E. 1123).

6. The policy of insurance was dated October 11, 1915, but was executed by the company prior to that date, and on the 8th or 9th of the month was actually received by the local agent of the company for delivery to the insured. The insured was killed in an explosion at 8:15 o'clock a. m. on October 11, 1915. The contract provided that the company, "in consideration of the payment of the premium mentioned in the schedule below, on or before each Monday, doth hereby agree . . to pay, upon receipt of proofs of death of the insured, . . the amount stipulated in said schedule. Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health; but should the proposed insured not be alive or not be in sound health on said date, any amount paid to the company as premiums shall be returned." *Held,* that if a binding contract had been otherwise consummated, the time for the commencement of the risk had arrived when the insured met his death.

7. The provision of the code that "a policy of life insurance runs from midday of the date of the policy, and the time must be estimated accordingly, if the policy is limited to a specified number of years" (Civil Code of 1910, § 2501), is not applicable where, as in this case, the parties to the contract make provision as to the time of the com-

mencement of the risk. The provision of the policy that "no obligation is assumed by the company *prior to the date hereof,* nor unless *on said date* [italics ours] the insured is alive and in sound health," protected the company from liability for the death of the insured at any time prior to the 11th day of October. . The date set for the obligation to begin was October 11th, and when that day began, the obligation began with it.

8. If no time for the commencement of the risk is fixed in the contract of insurance, the provisions of code-section 2501, supra, are to be read into the policy as a term thereof, and the policy runs from midday of the date thereof. The policy of insurance in this case expressly provided against liability "prior to the date" of the policy, and (construing the policy most strongly against the company) fixed the commencement of the risk with the beginning of the day on which the policy went into effect.

9. On account of the error in the charge quoted in the 5th headnote of this decision, the court erred in overruling the motion for a new trial. The further assignments of error, based upon the charge of the court, are without substantial merit. No opinion upon the sufficiency of the evidence is here expressed, since the case is to be retried.

DECIDED AUGUST 3, 1917.

Action on insurance policy; from city court of Waycross—Judge McDonald. May 27, 1916.

*Parks & Reed,* for plaintiff in error.

*Parker & Parker,* contra.

GEORGE, J. The ruling announced in the 5th headnote alone requires elaboration. The policy upon which this action was based contained the following provision: "This policy contains the entire agreement between the company and the insured, and the holder and owner hereof. Its terms can not be changed or its conditions varied, except by a written agreement, signed by the president or secretary of the company. Therefore, agents (which term includes superintendents, deputy superintendents, and assistant superintendents) are not authorized and have no power to make, alter, or discharge contracts, waive forfeitures, or receive premiums on policies in arrears more than four weeks," etc. The payment of the first weekly premium was made a condition precedent to any liability of the company under the contract. The evidence for the plaintiff disclosed that the local agent of the company approached her husband and asked him to take the policy of insurance, but he declined to do so, upon the ground that he did not have the money with which to pay the first premium. The agent agreed to advance the first premium for him, and to hold the policy

until a time certain. It further appeared that the local agent, in submitting the application of the plaintiff's husband, stated to the company that the first weekly premium had been paid. It was not contended that the premium had in fact been paid, but the contention of the plaintiff was that her husband made an arrangement with the local agent by which the agent was to advance the first premium. It was not contended, but on the contrary was admitted, that no money had been paid directly by the applicant. The local agent, sworn as a witness for the defendant, denied the making of the agreement with the plaintiff's husband, and testified that he was to obtain the policy for the applicant, who was to pay the first premium at the time of the delivery of the policy to him. This agent further testified (and his evidence was undisputed) that the company usually and generally, and in this case, sent forward the policy with specific instructions not to deliver the policy until the agent had seen the applicant and had received the first premium in cash. It was not objected that the witness was incompetent to testify. Under the circumstances, the charge of the court, quoted in the 5th headnote, was clearly erroneous. The agent had no authority to alter a term of the contract. Payment of the first premium was a condition precedent to any liability of the company under the contract. The mere statement of the agent, made to his company, in writing or otherwise, was ineffectual to vary, change, or alter the terms of the contract. It would have been otherwise had the company accepted the obligation of the agent for the first premium. The company, under the evidence in the record, had no notice or knowledge of any such agreement, if any was in fact made by the agent with the applicant. The company, therefore, had the right to stand upon its contract, no term of which had been changed or waived by its authority. To allow a recovery, under the circumstances detailed in the charge of the court, would put it within the power of the local agents of every insurance company to defraud and bankrupt the company, it matters not how careful the company may have been to protect itself by the express provisions of its contract. Under the rule in this State, no contractual relation with regard to the payment of the premium existed between the agent and the company; and until the company accepted the agent's obligation for the first premium upon the policy, or until actual payment of

the premium, no liability existed on the part of the company. Upon the sufficiency of the evidence we express no opinion. The whole effect of our ruling is that the charge of the court quoted in the 5th headnote required a reversal of the judgment. The judge therefore erred in overruling the motion for a new trial.

*Judgment reversed. Wade, C. J., concurs; Luke, J., dissents.*

LUKE, J., dissenting. I do not agree to the ruling announced in the 5th headnote in this case. The charge of the court held to be error is as follows: "If, as contended by the plaintiff in this case, the application was made by the insured, and he arranged with the insurance agent that the insurance agent was to pay the first premium, and he was to return it personally to the insurance agent, and he sent in his application in that way, and you should find that the insurance agent reported to his company that it was paid—the first premium, and that thereupon his company issued the policy and forwarded it to the agent to be delivered to the insured, then that would be a binding insurance contract between that company and the assured." The written statement of the agent who procured the application shows that the first weekly premium in cash had been collected by him and held by him for the company. The agent having in writing so instructed the company, and the company having issued and delivered the policy of insurance, the agent was bound to the company for the premium, and the evidence authorized the jury to find that the company accepted the obligation of the agent for the first week's premium.

It is the opinion of the writer that the charge of the court was not error, and that the judgment of the trial court should not be reversed, but should be affirmed.