# CASES

DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

AT THE

## MARCH TERM, 1926

---

### 16657. HOME INSURANCE COMPANY *v.* HEAD.

A contract of fire insurance, to be binding, must be in writing; but delivery is not necessary if in other respects the contract is consummated.

DECIDED MARCH 2, 1926.

Complaint; from Jackson superior court—Judge Stark. June 12, 1925.

*Egbert Beall,* for plaintiff.

*Pemberton Cooley,* for defendant.

BLOODWORTH, J. Section 2470 of the Civil Code of 1910 provides that a contract of fire insurance, "to be binding, must be in writing, but delivery is not necessary if in other respects the contract is consummated." In this case it appears that an application was made to the agent of the plaintiff in error for an insurance policy to cover certain property for five years; that the first premium was paid in cash and a note given for the remainder, payable in four equal annual installments, and that an insurance policy was written in accordance with the application. After the first installment on the note fell due a disagreement arose as to the second payment, and suit on the note was brought by the insurance company, for the full amount thereof. The defendant denied liability. On the trial of the case the judge charged the jury in part as follows: "Now, on the first matter (the issue raised by the defendant that he has never received any insurance policy for which the note was given), it is for you to determine

---

Fire Insurance, 26 C. J. p. 45, n. 93; p. 58, n. 83.

from the testimony in this case whether or not Mr. Story was the agent of Mr. Head, as well as the agent for the insurance company. If he occupied the dual position,—that is, if he was agent both of the insurance company and Mr. Head,—any application [in applying?] for the insurance, then, if you believe that the policy was delivered to Mr. Story, and he occupied that dual position of being agent for both, that, in law, would be delivery by the agent of the policy to Mr. Head." No question is raised as to the authority of the agent to write the policy. Under the facts of the case the contract was consummated when the policy was written; and, as the actual delivery thereof was not essential to its validity, the foregoing excerpt from the charge is error, requiring the grant of a new trial. It is not necessary to consider the other allegations of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*