30281. STRICKLAND *v.* GULF LIFE INSURANCE CO.

Decided December 3, 1943.   Rehearing denied December 17, 1943.

o

*E. W. Maynard, S. G. Jones,* for plaintiff. *Joseph D. Tindall, Clint W. Hager, J. F. Kemp, Carlisle & Bootle,* for defendant.

SUTTON, J. (After stating the foregoing facts.) The application for the policy, which was executed by the insured, provided "that the insurance applied for shall not take effect unless and until the policy is delivered to and received by me while I am in good health and free from injury," and the policy provided: "This policy shall not take effect unless on the date and delivery hereof, the insured is alive and in sound health." It was stipulated by the plaintiff that the insured was not in sound health at the time of the application for the policy sued on and at the time of the delivery thereof; but that he was sick and in bad health; that "the insured suffered a stroke of paralysis subsequent to the submission of said application and prior to the delivery of said policy, and that the insured had knowledge of this condition at the time the policy was delivered." The undisputed evidence showed that subsequently to the time the application for the insurance was executed by the insured and before the policy was delivered, the right side of his body became paralyzed, and that he had never been advised that he might have a stroke of paralysis. The plaintiff testified she did not think anyone could have known that the insured would have a stroke of paralysis. There was evidence to the effect that at the time the policy was delivered the superintendent and the agent of the company were told that the insured had suffered a stroke of paralysis, and that they told her this made no difference, and delivered the policy to her. The plaintiff contended that under the evidence a

jury would have been authorized to find that the defendant had notice, through its agent and superintendent, sufficient to put it on inquiry as to the soundness of the insured's health at the time the policy was delivered, and that the defendant had waived, or was estopped from setting up that the insured was not in sound health at that time. Both the application and the policy provided that the insurance should not become effective until the policy was delivered to the insured while he was in sound health, and the policy limited the powers of the agents of the company to change or vary the provisions of the policy by providing that only the president and secretary of the company had the power to change or vary its terms. "An insurance company may limit the power of its agent, and when notice that the agent's power is limited is brought home to the insured in such manner as would put a prudent man on his guard, the insured relies at his peril on any act of the agent in excess of his power. The insured is bound by plain and unambiguous limitations upon the power of the agent contained in his policy." *Reliance Life Insurance Co. v. Hightower,* 148 *Ga.* 843 (98 S. E. 469). The policy in the present case provided: "The application and this policy constitute the entire agreement by the company and the insured which terms cannot be changed or varied except by written agreement by the president or secretary." While the agent and the superintendent had knowledge that the insured suffered a stroke of paralysis after the application for insurance was made and before the policy was delivered, and told the plaintiff that this made no difference, still under the terms of the policy itself, only the president or secretary of the company had the power to change or vary the terms of the policy. By the acceptance of the policy the insured assented to this stipulation, and therefore cannot rely upon any waiver of its terms thereafter made by an agent of the company, or upon any consent, assent, or agreement on the part of such agent (the waiver not being made in the exact manner required by this stipulation, or, in contemplation of the law, by an 'officer' of the company) to dispense with, waive, or relax any of the binding conditions or provisions recited in the policy itself, by compliance with which the liability on the policy alone could be established. *Great Eastern Casualty Co. v. Reed,* 17 *Ga. App.* 613 (87 S. E. 904). In this connection, see also the cases of *National Life & Accident Ins. Co. v. Weaver,* 38 *Ga. App.* 590

(3) (144 S. E. 682); *American National Ins. Co. v. Potts*, 35 Ga. App. 32 (132 S. E. 142); *New York Life Ins. Co. v. Patten*, 151 Ga. 185 (106 S. E. 183); *Metropolitan Life Ins. Co. v. Alexander*, 43 Ga. App. 385 (159 S. E. 124). "It may be unfortunate if the wife of the insured relied upon such statements of the agent; but if one takes a policy containing such limitations upon the authority of the company's agent, he has to abide by the agreement, unless it is waived by someone having greater authority than the agent." *Rome Industrial Insurance Co. v. Eidson*, 138 Ga. 592, 594 (75 S. E. 657).

Under the facts of this case, the court did not err in directing the verdict for the defendant, upon the ground that the undisputed evidence showed that the insured was not in sound health at the time the policy was delivered, as required by the provisions of the policy. There was no evidence of any waiver of this provision of the policy by any agent or officer of the defendant having authority to make such waiver.

*Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*