BOSWELL *v.* GULF LIFE INSURANCE COMPANY.

No. 14768. FEBRUARY 9, 1944.

*Stanford Arnold,* for plaintiff.

*J. D. Tindall, J. Frank Kemp, Clint W. Hager,* for defendant.

BELL, Chief Justice. The time when an insurance policy shall become effective is an essential element of the contract, and the parties may fix a future date upon which it shall become effective. *Clark, Rosser & Co.* v. *Brand,* 62 *Ga.* 23; *Metropolitan Life Insurance Co.* v. *Thompson,* 20 *Ga. App.* 706 (7) (93 S. E. 299) ; *Electric City Lumber Co.* v. *New York Underwriters Insurance Co.,* 43 *Ga. App.* 355 (158 S. E. 620) ; Matlock *v.* Hollis, 153 Kan. 227 (109 Pac. 2d, 119, 132 A. L. R. 1316) ; 6 Couch on Insurance, § 1328; 29 Am. Jur. 225, § 219; 32 C. J. 1164, § 277. A policy bearing a given date, and purporting to insure for the future only, can not be made the basis of an action to recover for a loss occuring on a prior date. *Fowler* v. *Preferred Accident Insurance Co.,* 100 *Ga.* 330 (3) (28 S. E. 398).

In this case, the application amounted only to an offer, and the company was free either to accept or reject it entirely. Accordingly, in acting upon such application, it could fix a future date on which the policy would become effective. If the policy as thus issued, either because of its date or for other reason, did not conform to the application, it would constitute only a counter offer, and could not be reformed merely because of such variation. *Gray* v. *Lynn,* 139 *Ga.* 294 (77 S. E. 156) ; 29 Am. Jur. 170, § 155.

Since the policy here bore the future date of August 10, 1942, and stipulated that it should not "take effect unless on the date and delivery thereof the insured is alive and in sound health," and that "the company assumes no obligation prior to the date hereof," it could not have been accepted as written and then treated as one effective before such date. There was no evidence tending to show fraud, accident, or mistake, so as to authorize reformation, and therefore, even if it could be said that the policy was delivered

before the death of the applicant, still it could only be dealt with according to its terms, and by them it was not to become effective before August 10. The person named as the insured having died in the meantime, to wit, on August 8, the plaintiff, under the evidence, was not entitled to recover. See in this connection, *Newton* v. *Gulf Life Insurance Co.,* 55 *Ga. App.* 330 (190 S. E. 69) ; *Westmoreland* v. *Gulf Life Insurance Co.,* 57 *Ga. App.* 303 (195 S. E. 316) ; *Strickland* v. *Gulf Life Insurance Co.,* 70 *Ga. App.* 365 (28 S. E. 2d, 314), dealing with the same type of policy.

In this view, we need not determine whether the act of the company in forwarding the policy to its local agent, or the receipt thereof by such agent, could, under the terms of the policy and the application, have been taken as a delivery to the insured; for, in any view of this question, the evidence did not show liability. See *New York Life Insurance Co.* v. *Babcock,* 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134) ; *Reserve Loan Life Insurance Co.* v. *Phillips,* 156 *Ga.* 372 (119 S. E. 315) ; *Mitchiner* v. *Union Central Life Insurance Co.,* 185 *Ga.* 194 (194 S. E. 530) ; *Massachusetts Mutual Life Insurance Co.* v. *Boswell,* 20 *Ga. App.* 446 (2) (93 S. E. 95) ; *Folds* v. *New York Life Insurance Co.,* 27 *Ga. App.* 435 (108 S. E. 627) ; *Glover* v. *New York Life Insurance Co.,* 27 *Ga. App.* 615 (109 S. E. 546) ; *Life & Casualty Insurance Co. of Tennessee* v. *Palmer,* 48 *Ga. App.* 380 (2) (172 S. E. 823) ; *Pierce* v. *Life Insurance Co. of Virginia,* 50 *Ga. App.* 337 (2) (178 S. E. 189).

The court did not err in directing a verdict for the defendant or in refusing a new trial.

*Judgment affirmed. All the Justices concur.*