33890. PAULK *v.* STATE MUTUAL LIFE INSURANCE CO.

WORRILL, J. In an action predicated upon a "Conditional Receipt" and an application for insurance, both instruments provided that, if the first premium is paid at the time of making the application and the company is satisfied that the applicant is, according to the rules and standards of the company, an acceptable risk for the insurance applied for, the insurance shall be effective as of the date of the application or of the medical examination, whichever is the later. It appears that the applicant paid the first premium at the time of the application, but had not taken the examination when he died approximately seven months later. The intended beneficiary alleges that, if the deceased had submitted to a medical examination, he would have passed and that the company is estopped from denying liability because of the fact that it retained the premium for approximately seven months and never notified the applicant that his application was rejected. *Held:*

Since the applicant was required to take the medical examination, after which the company would determine whether or not the applicant was an acceptable risk, no valid contract of insurance arose in the absence of approval by the company (*Hill* v. *Life & Casualty Ins. Co.,* 51 Ga. App. 578 (1), 181 S. E. 104), and the company is not liable simply because it accepted premiums in advance on the supposition that the policy would be issued (*Starkes* v. *Metropolitan Life Ins. Co.,* 58 Ga. App. 37, 197 S. E. 520); and the application and conditional receipt do not constitute a temporary policy of insurance. *Fort Valley Coca-Cola Bottling Co.* v. *Lumbermen's Mutual Casualty Co.,* 69 Ga. App. 120 (24 S. E. 2d, 846). So long as the application is not acted upon by the company, no contract of insurance is consummated, and where the applicant dies before the acceptance of his application, the company incurs no liability. *Maddox* v. *Life & Casualty Ins. Co. of Tenn.,* 79 Ga. App. 164 (53 S. E. 2d, 235). Accordingly, the petition did not set forth a cause of action and the court did not err in sustaining the general demurrer.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED FEBRUARY 28, 1952.

*J. W. Waldroup, Gibson & Maddox,* for plaintiff.

*D. C. Sapp, Arthur C. Farrar, Marshall Ewing, Graham Wright,* for defendant.