36589. KAMMERER *v.* METROPOLITAN LIFE INSURANCE COMPANY.

DECIDED APRIL 2, 1957—REHEARING DENIED APRIL 24, 1957.

*E. Way Highsmith, Anthony A. Alaimo,* for plaintiff in error.
*L. J. Bennet, Reese, Bennet & Gilbert,* contra.

TOWNSEND, J. 1. "Where, in consideration of a payment made to an insurance company of a certain stipulated amount of money as a premium for life insurance, the company agrees that upon the approval at the home office of the application for the issuance of the policy, the company will, in the event of the death of the person to be insured prior to the issuance of the policy, pay to the beneficiary the amount of the insurance which would have been due had the policy been issued, there arises no contract of insurance in the absence of an approval of the application at the home office." *Hill* v. *Life & Casualty Ins. Co.,* 51 *Ga. App.* 578 (1) (181 S. E. 104). In such circumstance, the application must be approved before the conditional receipt constitutes a temporary policy of insurance, and, so long as the application is not acted upon, no contract of insurance is consummated. *Paulk* v. *State Mutual Life Ins. Co.,* 85 *Ga. App.* 413 (69 S. E. 2d 777). Where the receipt is a binder conditioned upon approval of the application by the company at its home office, the insurer becomes obligated upon acceptance and approval of the application. *National Life &c. Ins. Co.* v. *Moore,* 83 *Ga. App.* 289 (63 S. E. 2d 447). See also *Smith* v. *Metropolitan Life Ins. Co.,* 76 *Ga. App.* 229 (45 S. E. 2d 471.) The uncontradicted evidence in this case being, that, while the application was being processed, and before approval or rejection, the applicant died and the company thereafter refused to approve the policy, the plaintiff failed to carry the burden of proving that the application had been "approved at the company's home

office within 30 days" as required by the terms of the binder in cases where the full premium is paid in.

2. Further, the plaintiff alleged that the amount paid at the time the application was made was $10 "prepresenting the first full premium for said insurance." The answer denied that this amount constituted a full premium. Unless such amount is "equal to the full premium on the policy applied for," under the terms of the application, the company would incur no liability until after approval of the application and actual delivery of the policy and payment of the full premium. The plaintiff failed to offer any evidence to show that the amount paid constituted a full premium, and accordingly failed in this respect also to prove his case as laid.

3. Whether or not the defendant tendered back the $10 which, under the terms of the application, it was bound to do on refusing to issue a policy, is a matter of defense. Nothing in the record suggests whether or not such a tender was made. In the absence of evidence that the defendant refused to return the deposit it cannot be presumed, as contended, that the insurer refused to do so and thereby became bound by the contract. Accordingly, the absence of evidence on this subject affords no ground for reversal.

The trial court did not err in granting the judgment of nonsuit.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*