37192. GUEST *et al.,* by Next Friend, *v.* KENNESAW LIFE & ACCIDENT INSURANCE COMPANY.

Decided June 23, 1958—Rehearing denied July 8, 1958.

*Johnson & Johnson, Erwin, Nix, Birchmore & Epting, Eugene A. Epting,* for plaintiffs in error.

*Stephens, Fortson, Bentley & Griffin, Robert G. Stephens, Jr., Holcomb & Grubbs,* contra.

TOWNSEND, Judge. ■ As seen above, the provision in the aplication that the insurance shall become effective only after delivery of the policy and acceptance of the first premium while

the insured is in good health is modified by the provisions of the binder receipt which are intended to supersede them to the extent of any conflict. The most important modifications are (1) that, on acceptance of the risk, the effective date of the policy shall be either the date of application or date of the medical report, whichever is later, and (2) a limitation on the total liability of the company if the proposed insured dies before actual issuance and delivery of the policy. As to (1), it is alleged that the company did accept the risk and issue the policy, prior to the death of the insured. As to (2), the face of this policy, being in the sum of $2,000 life insurance and $8,000 mortgage insurance, and there not being anything in the petition to indicate that the deceased was insured by this company other than by this policy, the $50,000 limitation does not appear to be material. However, it does recognize that this condition may arise, and that the insured, although she dies before the issuance and delivery of the policy, may yet be covered thereby. Actual delivery is not essential where it is not made so by the terms of the policy. *Home Ins. Co.* v. *Head,* 35 *Ga. App.* 143 (132 S. E. 238); *Tarver* v. *Swann,* 36 *Ga. App.* 461 (137 S. E. 126); *Home Ins. Co.* v. *Parks,* 42 *Ga. App.* 482 (156 S. E. 471). No actual manual delivery was essential to the validity of this policy under the terms of the contract.

It is contended that the words, "Will pay remainder of annual on delivery" mean substantially: "This insurance will not be of force and effect until delivery and full payment of the first annual premium." This contention must be rejected, as it would read into the contract provisions a stipulation in the application (which under its terms was to become a part of the policy of insurance) that delivery and full payment are necessary to the validity of the insurance *except as stated in the receipt,* which, as we have seen, provides insurance (not to exceed $50,000) as of the date of the medical examination, subject to acceptance of the risk by the insurance company. The clause "Will pay remainder of annual on delivery" is plain and unambiguous, and not subject to the construction the insurer desires to place thereon.

■ The case of *National Life &c. Ins. Co.* v. *Moore,* 83 *Ga.*

*App.* 289 (63 S. E. 2d 447), and 86 *Ga. App.* 618 (72 S. E. 2d 141) dealt, as does the present case, with life insurance in connection with which was issued a binder receipt containing the provision, "No insurance is in force on such application unless and until a policy has been issued thereon and delivered in accordance with the terms of such application, except that when such deposit is equal to the full first premium on the policy applied for . . . then, without affecting the issue date and anniversaries as set forth in the policy, the amount of insurance applied for will be in force from the date of this receipt." It was held that "the contract of insurance, evidenced by the 'binder receipt' became of force when the application for insurance was approved." *Moore* v. *National Life &c. Ins. Co.,* 86 *Ga. App.* 618, supra, at page 625.

" 'A binder is a contract of insurance in praesenti, temporary in its nature, intended to take the place of an ordinary policy until the same can be issued. It is a short method of issuing a temporary policy for the convenience of all parties to continue, unless sooner canceled, until the execution of a formal policy.' *Fort Valley Coca-Cola Bottling Co.* v. *Lumbermen's Mutual Cas. Co.,* 69 *Ga. App.* 120 (3) (24 S. E. 2d 846). It was held in *New York Life Ins. Co.* v. *Babcock,* 104 *Ga.* 67 (1, 2) (30 S. E. 273, 42 L.R.A. 88, 69 Am. St. R. 134) that 'A . contract of life insurance is consummated upon the unconditional written acceptance of the application for insurance by the company to which such application is made. Actual delivery of the policy to the insured is not essential to the validity of a contract of life insurance unless expressly made so by the terms of the contract.' " *National Life &c. Ins. Co.* v. *Moore,* 83 *Ga. App.* 289, supra. The application and receipt must be taken together, and if together they contain all the elements of a contract they are binding upon both parties. *Maddox* v. *Life & Cas. Co. of Tenn.,* 79 *Ga. App.* 164 (53 S. E. 2d 235). In the *Maddox* case a similar receipt was termed a "conditional receipt" and not a binder, and was held not binding on the parties because there had been no acceptance on the part of the insurer. Here, acceptance by the company is alleged, upon which a binding contract in praesenti, as stated in the *Moore* case, supra, ensued. The application

specifically makes an exception to the stipulation that the insurance shall not take effect "until a policy is delivered to me and the first premium paid" by qualifying it with the words "except as otherwise provided in the attached receipt being the same number." That receipt states that the policy shall be effective on the date of either the application or the medical examination "whichever is later" and continues, "if the proposed insured dies prior to the company's actual issuance and delivery of the policy applied for" there shall be a limitation of total liability thereunder. The later date above referred to is the date of the medical examination, alleged to have been completed on or immediately after November 13, and the insured (or her beneficiary) is entitled to treat this date as the commencement date of the policy. Because the receipt, although perhaps conditional as first written, became effective when the company accepted the risk and issued the policy, this case varies from *Pierce* v. *Life Ins. Co. of Virginia,* 50 *Ga. App.* 337 (3) (178 S. E. 189), *Mitchener* v. *Union Central Life Ins. Co.,* 185 *Ga.* 194 (194 S. E. 530), *Newton* v. *Gulf Life Ins. Co.,* 55 *Ga. App.* 330 (190 S. E. 69) and similar cases cited by the plaintiff in error where the application, policy or receipt provided that the policy should not become effective until its delivery and payment of the first premium while the insured was in good health, unmodified by any other contract provision.

■ Notwithstanding the fact that the policy calls for an annual premium payment, the insured had in fact paid the sum of $6.25, which was the equivalent of a month's premium payment, which was accepted by the agent as "the first full premium" to become effective as of the date of the medical examination. The insurance company received and retained this payment for one month's insurance with an inception date of November 13, 1956, and the insured was killed on November 28, 1956, during that month. The binder receipt attached to the application and prepared by the company could not be detached in accordance with its terms except when the "first full premium" was paid. The application and binder together formed an interim short contract of insurance coverage with an inception date to be determined as stated therein. The "first full premium" is ob-

viously not the full annual premium. Accordingly, giving effect to all of the terms of the contract, and putting a reasonable construction thereon, it would appear that the $6.25 was a sum paid by the applicant, accepted by the agent and approved by the company as a sufficient amount to cover that period between the acceptance of the risk and the actual issuance and delivery of the policy, at which time the remainder of the annual premium became, under the terms of the policy, due and payable. Payment of a full policy term premium in advance is not necessary to the validity of the insurance contract unless expressly made so by its terms. *Metropolitan Life Ins. Co.* v. *Thompson*, 20 *Ga. App.* 706 (93 S. E. 299) ; *Lankford* v. *State Life Ins. Co.*, 57 *Ga. App.* 626, 634 (195 S. E. 907) ; *National Life &c. Ins. Co.* v. *Lockett*, 65 *Ga. App.* 866 (16 S. E. 2d 776) ; *National Life &c. Ins. Co.* v. *Parker*, 67 *Ga. App.* 1, 10 (19 S. E. 2d 409). This case differs from *Reliance Life Ins. Co.* v. *Hightower*, 148 *Ga.* 843 (98 S. E. 469) and *Newton* v. *Gulf Life Ins. Co.*, 55 *Ga. App.* 330 (190 S. E. 69). In those cases not only did the application expressly state that the agent had no power to modify the terms of the agreement, and that the policy would take effect upon delivery and receipt of the first full premium, but there was no provision for interim insurance contained in the receipt which had been placed there at the direction of and with the authorization of the insurance company. Under the terms of this agreement, delivery and full payment were not conditions precedent to the existence of the contract.

■ It is further contended that there was no acceptance by the applicant, that the policy did not conform to the application but merely constituted a counter-offer, so that acceptance by the insured was a condition precedent to its existence, and that there was no such acceptance. Counsel for the defendant call attention to the following wording of the application: "My acceptance of any policy on this application will constitute a ratification by me of any correction in or addition to this application made by the company and noted in the space provided for corrections and amendments." They then argue that since the policy itself shows an inception date of August 14, rather than November 13, the applicant might have rejected the policy for this reason

and there is accordingly no contract. It is true that the application and the receipt together constitute the interim contract; nevertheless, the date on the policy is not in conflict with or amendatory of any provision whatever in the application. This contention is without merit.

■ It is further contended that the application and binder receipt cannot form the basis of a valid contract of life insurance under Code § 56-904 which provides as follows: "All life insurance policies . . . which contain any reference to the application for insurance, or the constitution, bylaws or other rules of the company, either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain, or have attached to said policy, a correct copy of said application signed by the applicant, and of the constitution, bylaws, and rules referred to; and unless so attached and accompanying the policy, no such application, constitution, bylaws or rules shall be received in evidence either as part of the policy or as an independent contract in any controversy between the parties to or interested in the said policy, nor shall such application, constitution, bylaws, or rules be considered a part of the policy or contract between such parties." The meaning of this section as to applications, is that statements made therein do not constitute warranties the falsity of which will void the contract when the application is not attached to and made a part of the policy. *Bankers Health &c. Ins. Co.* v. *Griffeth,* 59 *Ga. App.* 740 (1) (1 S. E. 2d 771). The application in the present case, contains an agreement that it shall "form the basis and become a part of any policy issued hereunder," and in the same agreement limits the inception of liability "except as stated in the receipt." This Code section, which deals with the policy after issuance, does not concern itself with the interim protection afforded by the application and binder receipt on payment of the first full premium and acceptance of the risk by the insurance company. Had the policy been issued and delivered, it appears to have been the intention of the parties that the application would form a part of that policy so as to permit it to be introduced in evidence in an action on the policy, and the policy would then show on its face, when taken in connection

with the attached application, that the protection offered before issuance and delivery, but after acceptance of the risk, was as stated in the receipt. Accordingly, after issuance and delivery of the policy this provision would be a part of the policy so as to permit its introduction in evidence under the provisions of Code § 56-904. Until issuance of the policy, however, this rule of evidence does not come into effect, and the agreement as to the protection afforded remains as set forth in the application and binder receipt, the subject matter of which is the unde-livered insurance policy. Nothing in Code § 56-904 renders illegal agreements such as this providing for interim protection between the acceptance of the risk by the company and the actual delivery of the policy of insurance.

. The petition set forth a cause of action, and the trial court erred in sustaining the general demurrers.

*Judgment reversed. Gardner, P. J., and Carlisle, J.. concur.*