### 39772.  PILGRIM HEALTH & LIFE INSURANCE COMPANY v. MILLEDGE.

DECIDED NOVEMBER 8, 1962—
REHEARING DENIED NOVEMBER 29, 1962.

*J. D. Watkins, Ruffin & Watkins, J. M. Hinton, Jr.,* for plaintiff in error.

*D. C. Campbell, Jr., H. G. Rawls,* contra.

JORDAN, Judge. A policy of life insurance bearing a given date, and purporting to insure for the future only, cannot be made the basis of an action to recover for a loss occurring on a prior date. *Fowler v. Preferred Accident Ins. Co.,* 100 Ga. 330 (3) (28 SE 398). The time when an insurance policy shall become effective is an essential element of the contract (*Boswell v. Gulf Life Ins. Co.,* 197 Ga. 269, 29 SE2d 71); and if no time for the commencement of the risk is fixed in the contract of insurance, the provisions of *Code Ann.* § 56-2429 are to be read into the policy as a term thereof, and the policy runs from midday of the date thereof, as provided in said Code section. *Metropolitan Life Ins. Co. v. Thompson,* 20 Ga. App. 706 (8) (93 SE 299).

The policies of insurance sued upon in this case were dated November 6, 1961, and it does not appear from the petition and exhibits attached thereto that any express provisions were incorporated in the policies as to the time of the commencement of the risks insured against. Construing the pleadings most strongly against the plaintiff, it must be presumed for purposes of ruling on the general demurrer that there were no such provisions. Under these circumstances, therefore, the effective date of the policies was by operation of law midday of the date of the policies, that is, November 6, 1961. Accordingly, since the petition affirmatively disclosed that the insured died on November 5, 1961, a date prior to the effective date of the policies, recovery could not be had on said policies by the plaintiff beneficiary and the trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*