41745. NEW YORK LIFE INSURANCE COMPANY v. WHITFIELD.

Argued January 6, 1966—Decided February 2, 1966—
Rehearing denied February 18 and March 8, 1966.

*Foley, Chappell, Young, Hollis & Schloth, W. H. Young, III, Bryan, Carter, Ansley & Smith, Henry M. Quillian, Jr.,* for appellant.

*Everett L. Almon,* for appellee.

HALL, Judge. The petition alleges: The plaintiff and the defendant's representative on or about January 25, 1965, executed an application for a policy of insurance, and the insurer's representative on the same date executed a receipt for money "on account of the first premium for the policy" applied for. The sum paid was the full first premium for the policy, which was to be payable quarterly, and the company accepted and cashed the check given as one full payment of premium. The insurer's representative informed the insured and the plaintiff that the insured was covered with life insurance immediately upon receipt of the quarterly premium and upon the representative's signing of the application and receipt. On January 29, 1965, the insured was accidentally killed.

Copies of the receipt and "Application—Part I—To New York Life Insurance Company," are attached as exhibits to the petition. The application shows that the date elected for the policy to be dated was January 25, 1965. The receipt provides:

"The sum paid with respect to any policy in exchange for this receipt, is referred to herein as the 'conditional payment' for such policy. Any reference in this receipt to the 'conditional date' shall mean the later of (a) the date that the application, including any Part II, or other written representation forming a part of the application, for such policy is completed, or (b) the date of such policy, as elected in Part I.

"If the conditional payment for such policy is $10 or more and equals at least a monthly premium for such policy, and if the Company is satisfied from evidence received by it that every person proposed for coverage under such policy was, at the time of completion of the application for it, acceptable under the Company's rules for such policy . . . the Company will be bound, as of the conditional date, for the insurance that would be made available under the provisions of such policy, subject

to the following conditions: 1. If such conditional payment for the policy was equal to the full first premium for it, such policy shall be deemed to be in force as of the date of such policy, as elected in Part I of the application. . .

"Otherwise the Company will not be bound, and no coverage will be provided.

"Under no circumstances will the Company be bound, or coverage be provided, before the conditional date."

The entire second paragraph quoted above is subject to the condition following it numbered 1; therefore, the policy was in force on the date elected in Part I of the application, January 25, 1965. The provision that the company be satisfied that the applicant was acceptable, being subject to condition 1, is not applicable under the facts alleged.

When we read further through the third and last paragraph of the receipt, quoted above, this paragraph literally nullifies the second paragraph when the facts make it subject to condition 1. In other words, because of the third paragraph, condition 1 would only be applicable if the date elected in the application was also the "conditional date" i.e., later than the date the application was completed, whereas condition 1 makes the elected date the effective date always when the first full premium has been paid.

We do not assume that condition 1 was written into this contract to be meaningless. We assume that it, as every other written provision, was intended to have its apparent meaning and effect. *Clay v. Phoenix Ins. Co.*, 97 Ga. 44, 52 (24 SE 814); *Massachusetts Ben. Life Assn. v. Robinson*, 104 Ga. 256, 278 (30 SE 918); *Davis v. United American Life Ins. Co.*, 215 Ga. 521, 527 (111 SE2d 488); *Loftin v. U. S. Fire Ins. Co.*, 106 Ga. App. 287, 293 (127 SE2d 53). The third paragraph of the receipt above is repugnant to the second paragraph, condition 1. Therefore the provision more favorable to the insured (second paragraph, condition 1) will be applied. *Davis v. United American Life Ins. Co.*, supra, 527; *Parham v. National Relief Assur. Co.*, 33 Ga. App. 59, 60 (125 SE 519); *Inter-Ocean Cas. Co. v. Alford*, 50 Ga. App. 260, 263 (177 SE 816); *Eminent Household of Columbian Woodmen v. Vance*, 53 Ga. App. 237 (185 SE 391).

Since the conditional date, defined in the first paragraph of the receipt, was not the effective date under the facts alleged in the petition, the petition is not defective, as contended by the defendant, for failure to show whether date (a) or date (b) (first paragraph of receipt) was the later. And since the petition shows a cause of action without the alleged representations as to coverage made by the insurer's agent, the absence of allegations showing that the agent was authorized to make determinations of insurability or accept risks would not be fatal.

The receipt considered in *Maddox v. Life & Cas. Ins. Co. of Tenn.,* 79 Ga. App. 164 (53 SE2d 235), provided that the policy was to become effective on the date of the completion of the medical examination or application upon two conditions, (a) payment of the first full premium, and (b) the company's determination that the risk was acceptable under its rules. The allegations of the petition did not show compliance with condition (b). The *Maddox* case is not controlling because in the present case the receipt provides that the policy shall be in force on the date elected in the application, upon one condition, payment of the first full premium; and the petition alleges compliance with this condition.

The trial court did not err in overruling the general demurrer.

Analysts have discussed two general classes of conditions in "binder receipts" that have given rise to litigation. They provide that insurance shall be in force immediately, conditioned upon (1) approval of the application at the insurer's home office, and (2) acceptance of the applicant as an insurable risk. See Comment, 44 Yale L. J. 1224; Comment, 33 Ill. L. Rev. 180; 2 ALR2d 943, 961, 986. The receipts considered in the *Maddox* case, supra, and in *Guest v. Kennesaw Life &c. Ins. Co.,* 97 Ga. App. 840 (104 SE2d 633) were of the second class. Other Georgia cases have dealt with receipts of the first class. *National Life &c. Ins. Co. v. Moore,* 83 Ga. App. 289 (63 SE2d 447); *Kammerer v. Metropolitan Life Ins. Co.,* 95 Ga. App. 609 (98 SE2d 391).

The receipt considered in the present case contains a condition of the second class mentioned above, which would be applicable under different facts. The provision applicable under the facts

alleged in the present case does not contain the condition of either (1) approval of the application or (2) acceptance of the risk by the company. Its effect is that when the first full premium is paid insurance is unconditional.

Some courts have taken a view of "binder receipt" insurance contracts that justly recognizes the realities of modern business transactions dealing in "contracts of adhesion." The wording of such contracts is determined by the selling party, is often voluminous and contains semantic puzzles for lawyers and is incomprehensible to the lay public. They are consummated without true bargaining or meeting of the minds between the parties, and often under such conditions that one of the contracting parties must of reasonable necessity rely upon the representations of the agent of the other. See Comment, 15 Univ. of Chicago L. Rev. 379, 383; Anno. 2 ALR2d 943.

The following remarks are not comments upon the practices or rules of the insurer appellant in this case, but are only observations upon complex contracts of this kind. It is obvious that literal enforcement of the words of many such contracts, purporting to effectuate insurance immediately, and containing conditions of further action by the insurer, enables an insurer to take a dual position, depending on its interest, during the interim between the date of a binder receipt and the date of its final acceptance of an application or the issuance of a policy. See Note, 60 Harv. L. Rev. 1164, 1165. If during this interim an event occurs which would cause a benefit to become payable the insurer may not proceed to a determination of insurability and acceptance of the application, and the applicant is denied coverage which would have afforded him needed protection and which it was his purpose to obtain in paying an advance premium. If such an event does not occur in the interim the company will proceed to accept the application, if the applicant is determined an acceptable risk, will receive a premium for the interim period in which the insured did not need coverage (no loss having occurred). Whether there be a loss or no loss, the purported insurance for this interim period is valueless to the insured and he pays for nothing. See 2 ALR2d 943 et seq., Comment, 44 Yale L. J. 1223, 1231; Comment, 33 Ill. L. Rev. 180.

If the insurer does not have a duty, after receiving a premium and issuing such a "binder," to pass on the application after a loss has occurred and accept or reject it according to the same rules it would have applied if the loss had not occurred, the contract for insurance during the interim period would seem to lack essential mutuality of obligation. See I Cooley, Briefs on the Law of Insurance, 410. When such contracts are used and a loss or insured event occurs after the issuance of a "binder" and before issuance of the policy, the burden could fairly be placed on the insurer to show that the applicant was not an insurable risk. See *Sadler v. Cotton States Life &c. Ins. Co.*, 101 Ga. App. 866, 871 (115 SE2d 398). The problems created by insurers selling insurance by use of such "binder" contracts, which give insurers the power to implement the insurance or make it ineffective according to their interests, should be of interest to governmental agencies regulating the insurance business.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*