41855.   LOVELESS v. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

PANNELL, Judge.   1. Where, as in the present case, the insured, on May 5, 1965, made application in writing for a policy of life insurance, which application provided: "The insurance applied for shall take effect when the policy applied for has been issued and actually delivered to and accepted by the applicant and the full first premium stipulated in the policy has been paid to and accepted by the Company, all during the life and continued insurability of every person proposed for insurance thereunder; until then no insurance shall be in force hereunder unless otherwise provided by the premium receipt originally attached to and bearing the same number and date as this application;   .  .  .   ", and the first month's premium was paid to the local agent of the insurance company on May 7, 1965, and a receipt issued therefor, after the defendant's agent had knowledge that the applicant had been burned in an accidental fire but the receipt attached to the application (see *New York Life Ins. Co. v. Whitfield,* 113 Ga. App. 266 (147 SE2d 829), where the receipt for premium pro-

vided for interim insurance) was not signed by the agent or delivered to insured, and the applicant died on May 9, 1965, and the day after the death the application and premium payment were received by the company and the company thereafter did actually issue a policy of insurance effective June 1, 1965, which was delivered by mail to counsel for the beneficiary suing on the policy, neither the application nor the policy constitutes a contract of insurance as there was no issuance or delivery and acceptance of the policy while the applicant was in life. See *Maddox v. Life & Cas. Ins. Co. of Tenn.*, 79 Ga. App. 164 (53 SE2d 235); *Paulk v. State Mutual Life Ins. Co.*, 85 Ga. App. 413 (69 SE2d 777); and, *Sasser v. Coastal States Life Ins. Co.*, 113 Ga. App. 17 (147 SE2d 5).

2. The evidence in the present case, as stipulated by the parties, established without dispute the facts stated in Division 1 above. The trial court, therefore, did not err in directing the verdict for the defendant insurance company.

3. The direction of a verdict, where the evidence demands it, is not a denial of a right of trial by jury, nor is it in conflict with an order of the court granting a trial by jury prior to the introduction of any evidence in the case. The court did not err, therefore, in refusing to submit the case to the jury.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

Argued March 7, 1966—Decided March 14, 1966.

*Clifford E. Thompson*, for appellant.

*Edenfield, Heyman & Sizemore, William H. Major*, for appellee.