42037. ETHERIDGE v. WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY.

ARGUED MAY 4, 1966—DECIDED NOVEMBER 3, 1966—REHEARING DENIED DECEMBER 16, 1966—

*George L. Jackson, Bloch, Hall, Groover & Hawkins, Ellsworth Hall, III, F. Kennedy Hall,* for appellant.

*Anderson, Walker & Reichert, Albert P. Reichert, Jr.,* for appellee.

BELL, Presiding Judge. We hold that the application and receipt in this case constituted a contract which provided temporary life insurance in accordance with the terms of the policy applied for unless the applicant was not an insurable risk on the date of application and that the conditional coverage was effective until the company acted on the application or until the contract became ineffective by expiration of time. The condition stated in the receipt is construed to be a condition subsequent rather than a condition precedent. Since the condition is a condition subsequent, the insurance company has the burden of showing by proper pleading and proof that the applicant was not an insurable risk. To carry its burden and escape liability, the company must show that at the time the conditional coverage commenced the applicant was in fact not an insurable

risk by any reasonable standard in relation to the coverage applied for. This necessarily would be a question of fact for the jury to decide.

Insofar as they may conflict with the ruling here made, the following cases are expressly overruled: *Hill v. Life & Cas. Ins. Co.*, 51 Ga. App. 578 (181 SE 104); *Smith v. Metropolitan Life Ins. Co.*, 76 Ga. App. 229 (45 SE2d 471); *Maddox v. Life & Cas. Ins. Co.*, 79 Ga. App. 164, 170 (53 SE2d 235); *National Life &c. Ins. Co. v. Moore*, 83 Ga. App. 289 (63 SE2d 447); *Paulk v. State Mut. Life Ins. Co.*, 85 Ga. App. 413 (69 SE2d 777) and *Kammerer v. Metropolitan Life Ins. Co.*, 95 Ga. App. 609, 611 (98 SE2d 391). These cases are in our opinion based on a misconception of contract law in that they proceed on the basis that the conditional binding receipt coupled with the application for life insurance constitutes a mere offer to the company. It is this premise in those cases that we renounce. In paying his money in advance and accepting the binder in return, the applicant is not thereby offering to be insured, because his application does this for him regardless of whether he pays a premium in advance. Thus, the binder is issued for a separate consideration, not as a necessary part of the application. In cases of this kind there are two severable offers: (1) an offer by the applicant to purchase a policy of life insurance and (2) an offer by the company to provide interim insurance pending the company's consideration of the applicant's prior offer. The latter offer is accepted by the applicant by advance payment of the initial premium on the policy applied for. The application and receipt together constitute a contract as soon as the application is submitted, the premium paid and the conditional binding receipt issued. We do not determine whether the condition or conditions expressed in the contract in each of the cases above overruled were precedent or subsequent.

*Coastal States Life Ins. Co. v. Vickers*, 97 Ga. App. 646 (104 SE2d 140) involved an application for life insurance and a receipt with provisions substantially the same as those involved in the case sub judice. Division 1 of the *Vickers* case, supra, p. 650, is expressly overruled insofar as it is based on the premise that the condition expressed in the receipt was precedent rather than subsequent.

*Judgment reversed. Nichols, P. J., Frankum, Jordan, Hall, Eberhardt, and Deen, JJ., concur. Felton, C. J., and Pannell, J., concur specially.*

FELTON, Chief Judge, concurring specially. I concur in the majority opinion with the exception that I do not think that it is necessary or desirable to overrule in part the cases named in the majority opinion. None of them contains the exact or equivalent provisions of the application and the receipt in this case and in none of the cases is a ruling made expressly or by implication, which is in conflict with what is held in this case.

I am authorized to state that Pannell, J., concurs in this special concurrence.

ON MOTION FOR REHEARING.

BELL, Presiding Judge. On the subject of the case sub judice an extensive annotation may be found at 2 ALR2d 943, 964. A majority of the cases decided since 1940 have held that where a receipt is issued to an applicant for life insurance purporting to effect immediate coverage if the company approve the application or if the company be satisfied as to the applicant's insurability, a binding contract for interim insurance exists prior to the company's approval of the application or determination as to its satisfaction. For cases which have expresssed a modern view of this subject see: Gaunt v. John Hancock Mut. Life Ins. Co., 160 F2d 599 (1947), cert. den. 331 U. S. 849 (67 SC 1736, 91 LE 1858); Liberty Nat. Life Ins. Co. v. Hamilton, 237 F2d 235 (1956); Metropolitan Life Ins. Co. v. Grant, 268 F2d 307 (1959); Johnson v. Equitable Life Assur. Society, 275 F2d 315 (1960); Wood v. Metropolitan Life Ins. Co., 193 F. Supp. 371 (1961), aff'd 302 F2d 802; Union Life Ins. Co. v. Rhinehart, 229 Ark. 388 (315 SW2d 920) (1958); Ransom v. Penn. Mutual Life Ins. Co., 43 Cal. 2d 420 (274 P2d 633) (1954); Wernecke v. Pacific Fidelity Life Ins. Co., (Cal. App. 1965) 48 Cal. Rptr. 251; Simpson v. Prudential Ins. Co., 227 Md. 393 (177 A2d 417) (1962); Life Ins. Co. of North America v. De Chiaro, 68 N. J. Super. 93 (172 A2d 30) (1961); Allen v. Metropolitan Life Ins., 44 N. J. 294 (208 A2d 638) (1965); Duncan v. John Hancock Mut. Life Ins. Co., 137 Ohio St. 441 (31 NE2d 88) (1940); Leube v. Prudential Ins. Co., 147 Ohio St. 450 (72

NE2d 76) (1947) ; Morgan v. State Farm Life Ins. Co., 240 Ore. 113 (400 P2d 223) (1965) ; McAvoy Vitrified Brick Co. v. North American Life Assur. Co., 395 Pa. 75 (149 A2d 42) (1959) ; American Nat. Ins. Co. v. Thompson, 44 Tenn. App. 627 (316 SW2d 52) (1957) ; Life & Cas. Ins. Co. v. Vertrees, 44 Tenn. App. 672 (318 SW2d 559) (1958). See also: Life Insurance Receipts: The Mystery of the Non-Binding Binder, 63 Yale L. J. 523, 532.

Although the application in this case provided, "There shall be no liability for the payment of any benefit unless the application shall have been approved by the Medical Director of the Society. . ." this provision was not operative to limit the company's liability contrarily to the provisions of the receipt, which stated, "The benefits applied for shall be in effect from the date of the completion of the application, if the applicant is insurable for the amount and plan applied for as a standard risk under the rules and practices of selection of the Society." It is true that the application and receipt must be construed together. *Guest v. Kennesaw Life &c. Ins. Co.*, 97 Ga. App. 840, 845 (104 SE2d 633). However, it is unnecessary for us to decide whether these two provisions are in conflict, for the holding here is that there is a conditional contract of insurance under the language of the receipt until the company has acted. If the provisions are in conflict, it is well settled that where an insurance contract contains two inconsistent clauses, the one most favorable to the insured will be applied and the other disregarded. *New York Life Ins. Co. v. Whitfield*, 113 Ga. App. 266, 268 (147 SE2d 829), and citations. *Boswell v. Gulf Life Ins. Co.*, 197 Ga. 269 (29 SE2d 71) is not applicable here. The receipt issued in *Boswell* purported to effect immediate coverage only if the amount paid at the time the application was written was not less than five weekly premiums. In that case the applicant had paid only one weekly premium in advance. *Fowler v. Preferred Acc. Ins. Co.*, 100 Ga. 330 (28 SE 398) and *Fireman's Fund Ins. Co. v. Rogers*, 108 Ga. 191 (33 SE 954) are also inapplicable. Those cases involved mere applications and oral representations of the companies' soliciting agents, and did not involve written binders purporting to effect immediate coverage.

812

*All the judges concur in denying the motion for rehearing, except Quillian, J., not participating.*