### 42670. POSEY v. GULF LIFE INSURANCE COMPANY.

BELL, Presiding Judge. Vassie Posey brought this suit to recover as the alleged beneficiary of a life insurance contract. The amended petition shows that on April 10, 1964, W. G. Newbern made application in writing to defendant for a policy of group life insurance covering the applicant's employees. The application provided: "It is requested that this insurance shall be effective on 4-10 1964. . . It is agreed that this application is subject to the approval of the Gulf Life Insurance Company at its home office in Jacksonville, Florida, and that nothing contained herein shall be binding upon said company until this application has been so approved." Newbern paid the first premium on the policy applied for, and defendant's soliciting agent "assured W. G. Newbern . . .

532

that the coverage was immediately effective with reference to his employees. . ." Leonard Posey, plaintiff's decedent and one of the employees, died on April 27, 1964, before defendant took any action on the application. Defendant thereafter rejected the application. *Held:*

The application in this case was a mere offer, and the defendant company was free to accept or reject it entirely. *Boswell v. Gulf Life Ins. Co.,* 197 Ga. 269, 272 (29 SE2d 71). There is is no "binding receipt" involved, nor does the application itself contain any language purporting to effect immediate coverage upon advance payment of the premium. The company is not liable on the proposed policy simply because it accepted the premium in advance on the supposition that the policy would be issued. *McGlothin v. U. S. &c. Cas. Co.,* 36 Ga. App. 325 (3) (136 SE 535). The soliciting agent in this case had no authority to bind the underwriting department of the company, whose duty it was to evaluate applications and risks. *Cotton States Life Ins. Co. v. Scurry,* 50 Ga. 48. See also *Code Ann.* § 56-2420 (4). In the face of the plain and unambiguous language of the application stating "that this application is subject to the approval of the . . . company at its home office . . . and that nothing contained herein shall be binding upon said company until this application has been so approved," a mere verbal assurance by the agent of the company to the applicant that the coverage was immediately effective did not constitute a contract of insurance upon which an action could be maintained. *Fowler v. Preferred Accident Ins. Co.,* 100 Ga. 330, 333 (28 SE 398); *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17, 21 (147 SE2d 5).

The trial court did not err in sustaining defendant's renewed general demurrer to the amended petition.

*Judgment affirmed. Jordan and Pannell, JJ., concur.*

SUBMITTED MARCH 7, 1967—DECIDED APRIL 4, 1967.

*Marson G. Dunaway, Jr.,* for appellant.
*Wayne W. Gammon,* for appellee.