T. G. Salisbury and others *vs.* Hekla Fire Insurance Company of Madison, Wisconsin.

November 29, 1884.

**Fire Insurance—Oral Contract—Written Policy after Loss—Evidence.** Defendant, by oral agreement, insured plaintiffs' property, a written policy to be subsequently issued.   A loss occurred, and afterwards defendant made and delivered to plaintiffs a written policy.   *Held*, that the policy, as against plaintiffs, was not conclusive as to the terms of the insurance, but was only evidence as plaintiffs' admission of those terms, and might be rebutted by proof of the oral agreement.

**Same—Oral Contract—Presumption as to Conditions.**—Where there is an oral contract of insurance, a policy to be subsequently issued, and

nothing is said about conditions, it is presumed that the parties intend to have inserted in it the conditions usual in such cases, or such as have been before used by the parties.

Same—Particular Condition—Evidence.—That a particular condition is usual must be shown by the party who insists on it.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren*, J., presiding, refusing a new trial.

*Atwater & Hill*, for appellant.

*J. S. Root*, for respondent.

GILFILLAN, C. J. Defendant, by its agent at Minneapolis, made orally a contract with plaintiffs, acting by their agent, insuring plaintiffs' building used as a manufactory in the sum of $150, and the stock and machinery therein in the sum of $350, against loss by fire, for a premium at the rate of 6 per cent. on the amount of insurance for one year, the risk to commence at once, to wit, February 17, 1883; a written policy to be made and delivered as soon as could be done. The premium was not then paid, and nothing was said as to when it should be. On the night of February 18th, the manufactory then running, the property insured was destroyed by fire. On the morning of the 19th, after the fire, defendant's agent delivered to plaintiffs' agent a policy of insurance. February 23d, plaintiffs paid the premium. In the oral agreement nothing was said about any conditions or restrictions of insurance. In the policy delivered there was a condition that it should be void if the manufactory should run at night or overtime, or cease to be operated, without the consent of defendant endorsed on the policy.

The controversy is as to whether that condition attached to the contract of insurance under which the loss occurred. Was that condition a part of the contract existing at the time of the fire? Unless it was, it has no influence on the rights of the parties. Whether it was or not must be determined by what was said between them or their agents when the insurance was effected. The written policy made out by the defendant after the fire, of course, cannot be conclusive. Indeed, having been made after the liability accrued, it would be no evidence of the contract at all, were it not for its delivery to and retention by plaintiffs. Such delivery and retention may be taken as an admission

by plaintiffs that it set forth the terms of the contract as agreed on, which might be rebutted by proof of what the contract actually was. And in view of the fact indicated by the evidence, that the plaintiffs did not read it, it would not be very strong evidence as an admission. It stands on an entirely different footing from a policy delivered and accepted before the loss. For in that case, if there be no fraud or mistake, the policy is the contract, (from the time of its delivery, at any rate,) no matter what may have been the negotiations which led to it, and proof of such negotiations is not admissible to contradict its terms. This policy did not exist and was not the contract at the time of the fire, when defendant's liability accrued. The only contract then in force was oral, and the rights of the parties must be measured by it.

Upon an oral contract of insurance, where nothing is said about conditions, if a policy is to be issued, the parties are presumed to intend that it shall contain the conditions usually inserted in policies of insurance in like cases, or as have been before used by the parties. That a particular condition is usual must be shown by the party who insists upon it, who has the affirmative. There was no evidence that such a condition as this is usual.

Order affirmed.