## INDIANA MUTUAL CASUALTY COMPANY v. ERNEST C. PRATT AND ANOTHER.[1]

March 22, 1929.

No. 27,224.

*Alvin E. Stein* and *Stanley B. Houck,* for appellants.

*Rockwood & Mitchell,* for respondent.

[1]Reported in 224 N. W. 253.

Stone, J.

Action to recover a premium balance on workmen's compensation insurance wherein, after findings for plaintiff and a denial of defendants' motion for amended findings or a new trial, they appeal from the judgment.

In January, 1924, the defendants, as copartners, procured workmen's compensation insurance on certain Illinois coal mining operations through Sherman & Ellis, Incorporated, of Chicago, which acted as their attorney in fact. The insurer was a concern known as "Subscribers at Associated Employers' Reciprocal," which is referred to conveniently enough as "A. E. R." In July, 1924, it ceased doing business and soon .thereafter went into receivership. July 28, plaintiff by contract assumed the workmen's compensation risks of the A. E. R. It immediately gave defendants a binder, which on or about September 23, 1924, was replaced by a formal policy. Both binder and policy were accepted and retained by defendants without protest or question. The policy remained in force until December 11, 1924. This action is to recover a balance of the premium, and there is no question of its amount as determined by an audit of defendants' payrolls.

For defense and counterclaim, defendants aver that when their insurance was first procured from the A. E. R. defendants made a so-called "initial premium deposit" of $2,000, which with like deposits from other insured was to create a surplus from which extraordinary losses could be paid. The A. E. R. was bound contractually to return to defendants upon the expiration of the insurance contract their deposit less their share of losses incurred during the period of their contract. That obligation of the A. E. R. to return to defendants the unexpended portion of their deposit has not been performed, and the claim is that plaintiff is chargeable in its stead with an amount in excess of the premium otherwise admitted to be due.

There is in the record correspondence between Sherman & Ellis, Incorporated, and defendants and some between the latter and plaintiff which is quite persuasive of a practical construction con-

trary to defendants' present claims. They were plainly informed that they would have to look to the receiver of the A. E. R. rather than to plaintiff for the return of the unexpended portion of their initial premium deposit and did not then demur. But, putting that correspondence aside, the binder and policy accepted by defendants evidence a new contract of insurance effective as of July 28, 1924, and nothing more. The binder "certifies" that plaintiff "has assumed all liability" under the policy of the A. E. R. "from 11 o'clock A. M. Standard Time," July 28, 1924, and goes on to state that "this certificate shall be the assured's binder covering all of said liability until the company's [plaintiff's] policy has been delivered," and provides that "said policy issued in conformance with this certificate shall supplant the policy contract" of the A. E. R. "and provide the same coverage."

The conventional and frequently elaborate application for insurance may well control as against a subsequently issued policy differing in terms. Haley v. Sharon Twp. Mut. F. Ins. Co. 147 Minn. 190, 179 N. W. 895. It is a mere offer. So when a policy is tendered, the applicant may perhaps assume in a proper case that his offer has been accepted according to its terms and that policy conforms to application. Very different is a binder, which is not a mere offer but itself a contract—temporary, sketchy, and informal, but a contract notwithstanding. 14 R. C. L. 883. Usually it fixes the term and coverage of the policy but by express reference leaves the details of the contract to the latter. 32 C. J. 1100; Salisbury v. Hekla F. Ins. Co. 32 Minn. 458, 21 N. W. 552. Hence as to such details the contemplated policy rather than the binder is the determinative document.

Here the binder required the former "coverage," i. e. the same insurance protection as before, but left all other details to the "company's policy" to be issued. And the latter, accepted and retained by defendants, imposed no obligation for premiums previous to its own effective date. It precludes a construction imposing upon plaintiff any liability whatsoever other than that of an insurer against the risks expressly covered. There is nothing to indicate an

agreement by plaintiff to assume the liability of the former insurer to refund the initial premium deposit which it had received and no part of which ever got to plaintiff. Plaintiff's relations with and obligations to defendants are fixed by the new contract it made with them and not by the old one between the latter and the A. E. R. Plaintiff is not an assignee of that contract. Neither was there a novation, for there was no contract between all three parties whereby the new insurer was to assume all the liability of the old, the latter being at the same time released by the insured. Plaintiff is simply in the position of a new contractor with defendants.

The decision below is right for the simple reason that defendants have failed to show anything, contractual or otherwise, which could have imposed upon plaintiff the liability necessary to sustain the defense and counterclaim.

Judgment affirmed.