21812. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY
*v.* LUDWICK.

JENKINS, P. J. In a suit on an alleged contract of life-insurance the petition avers, that the employer of the deceased applied to the local agent of the insurance company for group insurance on not less than ten of its employees; that the deceased was named among the ten, and the premium for the group insurance was paid and accepted by the company; that the arrangement or agreement between the employer and the "insurance company" was an entire agreement, covering all ten of the employees, but it is not alleged that any agreement on the part of the "company" or its local agent to insure the members of the group was in writing, and it appears from the petition that it was the understanding between the employer and the company that each of the individuals was to submit a separate application containing certain information required by the company, and that the company was to issue separate policies to each of the individuals, all of these policies being in fact issued except the one covering the life of the deceased. It is further alleged that some time prior to the death of the deceased he filed his application for insurance with the company, but it does not appear from the averments of the petition that a written policy of insurance was delivered, either actually or constructively, or even that a policy was issued or written by the defendant company. The defendant demurred to the petition, pointing out that it did not show that the alleged agreement on the part of the company to issue the policies of insurance, including one on the

life of the deceased, was in writing. Attached to the demurrer was a copy of the application by the employer, and a copy of the application by the deceased, the latter application being dated December 6, 1930, and the petition showing that he died on December 7, 1930. The exhibit to the demurrer seeks to set forth that said application had not been received by the home office of the company prior to the death of the deceased. The court overruled the demurrer, and the defendant excepts. *Held:*

1. The petition must stand or fall upon its own averments. Consequently, the exhibits attached to the demurrer, rendering it a speaking demurrer, can not be taken to controvert any allegation contained in the petition itself.

2. Contracts of insurance, to be binding, must be "evidenced by a policy of insurance in writing, or print, or both, and the liability of the company, in case of loss sustained by any policyholder, shall be governed by the terms, stipulations, and conditions appearing upon the face of the policy." Civil Code (1910), § 2404. See also Civil Code (1910), §§ 2470, 2499; *New York Life Insurance Co.* v. *Babcock,* 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134). While by the express provisions of the statute (Civil Code, § 2470), delivery of a policy of insurance is not necessary if, in other respects, the contract is consummated, the contract of insurance is not completed until the minds of the parties meet upon the essential elements, and the contract is not binding until it is reduced to writing. *Todd* v. *German American Ins. Co.,* 2 *Ga. App.* 789 (59 S. E. 94); *Home Insurance Co.* v. *Huguley,* 42 *Ga. App.* 598 (157 S. E. 391).

3. The acceptance of premiums pending negotiations for the issuance of a policy of life insurance will not bind the company. *McGlothin* v. *United States National Life & Casualty Co.,* 36 *Ga. App.* 325 (3) (136 S. E. 535).

4. In the instant case it appears from the averments of the petition that no policy of insurance was delivered, either actually or constructively, or even written or issued by the defendant company upon the life of the plaintiff's deceased husband. Since, according to the petition itself, the alleged agreement between the employer and the company expressly required the issuance of separate policies upon each employee insured, the agreement, on its face, did not purport to be a contract of insurance, but merely a contract in furtherance of insurance. Accordingly, the petition failed to set forth a cause of action, and the general demurrer thereto should have been sustained.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 29, 1932. REHEARING DENIED SEPTEMBER 26, 1932.

*Oliver & Oliver,* for plaintiff in error.
*Cobb & Bright,* contra.