26800. STARKES *v.* METROPOLITAN LIFE INSURANCE CO.

DECIDED JUNE 1, 1938.

*N. T. Anderson Jr.,* for plaintiff.

*Smith, Smith & Bloodworth, W. H. Smith,* for defendant.

SUTTON, J. 1. The law of this State expressly requires a contract of life insurance to be in writing. Code, §§ 56-801, 56-911. "While by the express provisions of the statute (Civil Code, § 2470) [Code of 1933, § 56-801] delivery of a policy of insurance is not necessary if, in other respects, the contract is consummated, the contract of insurance is not completed until the minds of the parties meet upon the essential elements, and the contract is not binding until it is reduced to writing." (Citing.) *John Hancock Mutual Life Ins. Co.* v. *Ludwick,* 45 *Ga. App.* 631 (2) (165 S. E. 918).

2. "Where, pending mere negotiations for a policy of insurance, the person on whose life it might or might not have been written dies, the company is not liable on the proposed policy simply because it accepted premiums in advance on the supposition that the policy would be issued." (Citing.) *McGlothin* v. *U. S. National Life &c. Co.,* 36 *Ga. App.* 325 (3) (136 S. E. 535).

3. "It is unnecessary to plead general customs or usages of which the court will take judicial notice; but to invoke a custom or usage relating to a particular trade or locality, distinct pleading is necessary. [Citing.]" *Electric City Lbr. Co.* v. *New York U. Ins. Co.,* 43 *Ga. App.* 355, 357 (158 S. E. 620).

4. Applying the above principles of law to the facts of the present case, where suit was brought by the beneficiary named in an application for life insurance, but where it was shown on the trial of the case that the proper officials of the insurance .company, because of a notation by the examiner on the application for insurance that the applicant apparently had an abscess on the side of his neck, secondary to tooth extraction, and the examiner's recommendation that action on the application be postponed, deferred decision on the question of issuing a policy, and so advised its district office under which the soliciting agent worked, in consequence of which the agent, within about a week after the advice was received, notified the beneficiary of the action taken by the company, tendering the premium deposit which had been made, which was thereupon refused, the sum being subsequently paid into court for her benefit, the applicant having died before such tender was made to the beneficiary; and where the beneficiary testified that the agent advised her, after the application and before notice of the company's action was given her, that the applicant had successfully passed the physical examination and that a policy would be issued at once, the agent testifying to the contrary, the judge trying the case without a jury was authorized to find that no contract of insurance had been entered into between the parties, and that the plaintiff was not entitled to recover.

5. The petition in the present case not alleging the trade custom which counsel for the plaintiff sought to establish by the defendant's witness, its assistant manager, the court did not err in refusing to permit counsel for the plaintiff to propound the question "inquiring as to the trade custom in insurance business in such matters, and asking him whether it were not true that where insurance premiums are paid in advance in such industrial-insurance matters, and the insured dies pending consideration of the application or notification of the applicant relative to the decision of the company thereupon, or within the length of time for which the premiums might constitute payment, and if the applicant were in good or acceptable health at the time of making the application and paying the premiums, the insurance company was liable for the payment of the amount of insurance applied for on which the premium had been paid in advance as aforesaid."

6. The appellate division of the municipal court of Atlanta did

not err in affirming the judgment of the trial court overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*