## 29771. FORT VALLEY COCA-COLA BOTTLING COMPANY v. LUMBERMEN'S MUTUAL CASUALTY COMPANY.

DECIDED MARCH 19, 1943.

*George B. Culpepper Jr.,* for plaintiff.

*Jones, Jones & Sparks, A. C. Riley, Ed L. Benton,* for defendant.

MacIntyre, J. ■ A binder is a contract of insurance in præsenti, temporary in its nature, intended to take the place of an ordinary policy until the same can be issued. It is a short method of issuing a temporary policy for the convenience of all parties, to continue, unless sooner canceled, until the execution of a formal policy. "The conventional and frequently elaborate application for insurance may well control as against a subsequently issued policy differing in terms. Haley *v.* Sharon Township Mutual Fire Insurance Co., 147 Minn. 190 (179 N. W. 895). It is a mere offer. So when a policy is tendered, the applicant may perhaps assume in a proper case that his offer has been accepted according to its terms, and that policy conforms to application. Very different is a binder, which is not a mere offer, but itself a contract —temporary, sketchy, and informal, but a contract notwithstanding. 14 R. C. L. 883. Usually it fixes the term and coverage of the policy, but by express reference leaves the details of the contract to the latter. 32 C. J. 1100; Salisbury *v.* Hekla F. Ins. Co., 32 Minn. 458, 21 N. W. 552. Hence as to such details the contemplated policy rather than the binder is the determinative document." Indiana Mutual Casualty Co. *v.* Pratt, 177 Minn. 36, 38 (224 N. W. 253). The binder issued on an application for insurance is a mere memorandum of the most important terms of a preliminary contract of insurance, intended to give temporary protection pending the investigation of the risk by the insurer, or until the issuance of a formal policy. In the instant case the suit was brought four or five years after the execution of the binder. In

count 1, as we understand it, the plaintiff is not suing on the "binder" alone, which by its very definition is a contract temporary in its nature; nor is it suing on a "binder" for burglary insurance and a subsequent written insurance policy which expressly states that it covers such burglary insurance and which was issued to embrace the formal requisites with reference to a contract of insurance. One of the requisites is that "All contracts of insurance, including life insurance, 'to be binding, shall be in writing.'" *Mitchiner* v. *Union Central Life Insurance Co.*, 185 *Ga.* 194 (194 S. E. 530). But, as stated in the plaintiff's brief, "In the first count plaintiff seeks to recover for loss sustained by reason of burglary, from agent and insurance company, because of the alleged failure of both to write burglary insurance after they had agreed to do so."

"The insured may bring an action at law upon the preliminary contract in the same manner as upon the policy. He may, however, treat the contract as an agreement to insure, and resort to a court of equity to compel the delivery of a policy either before or after the happening of the loss; and being properly in that court after the loss has happened, it is according to the established course of procedure, in order to avoid delay and expense to the parties, for that court to proceed and give such final relief as the circumstances of the case demand. . . If the parties have entered into a preliminary agreement for insurance, the insurer is bound in good faith to furnish a policy in the usual form and with the usual clauses. If the policy does not conform to the previous agreement, the applicant may refuse to accept it, and recover back any money he may have paid in the premiums; or if he has accepted it, supposing it to conform to his contract with the insurer, a court of equity will reform it in a proper case." 16 Am. & Eng. Enc. Law, 853. The allegations in count 1 of the petition show, in part, that the plaintiff had ample opportunity to examine the formal policy issued subsequently to the binder; that the binder was temporary in its nature and was intended to take the place of an ordinary policy until the same could be issued; that the loss occurred four or five years after the issuance of the binder; that no premium was paid for burglary insurance; and that the policy of insurance, and not the binder, would be the determinative document. Yet the plaintiff thought proper to rely on the representations of the com-

pany and McCord that he had burglary insurance. We do not think that the allegation of the facts in count 1 show that there was such a fraud, artifice, trick, or condition as to prevent the plaintiff, in the exercise of ordinary care, from ascertaining that it did not have a valid policy of insurance for burglary. *Arthur* v. *Brawner,* 174 *Ga.* 477 (163 S. E. 604), and cit.

■ Count 2 seeks a recovery on the policy as written, which policy states it is for robbery. Burglary is not mentioned therein. We do not think the allegations of fact therein alleged show that there was any such fraud, artifice, or trick as would prevent the plaintiff, in the exercise of ordinary care, from examining the policy delivered and ascertaining the nature and character of the same; that is, whether the policy included burglary as well as robbery insurance. *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268); *Truitt-Silvey Hat Co.* v. *Callaway,* 130 *Ga.* 637 (2) (61 S. E. 481); *Chapman* v. *Atlanta Guano Co.,* 91 *Ga.* 821, 825 (18 S. E. 41); *Penn Mutual Life Insurance Co.* v. *Taggart,* 38 *Ga. App.* 509, 512 (144 S. E. 400).

■ And knowing that the policy or policies themselves were the determinative documents, and not the binders, yet if, instead of examining and looking at the policy, the plaintiff thought it proper to rely upon the representations of the company and McCord (even if he was a dual agent) as to whether or not the policy included burglary as well as robbery, the plaintiff has no one to blame for its credulity but itself. *Allen* v. *Gibson,* 53 *Ga.* 601. See in this connection 3 C. J. S. 46, § 162; *Benton* v. *Roberts,* 35 *Ga. App.* 749 (134 S. E. 846).

■ The plaintiff having brought an action at law, the court did not err in sustaining the general demurrers to both counts, and to the petition as a whole.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*