31804. SMITH, administratrix, *v.* METROPOLITAN LIFE INSURANCE COMPANY.

DECIDED DECEMBER 3, 1947.

*A. J. Whitehurst,* for plaintiff.

*Farkas & Burt,* for defendant.

PARKER, J. Bessie Smith, as administratrix of the estate of Essie Mae Miller, sued Metropolitan Life Insurance Company for $195, and damages and attorney's fees, the action being based on a receipt which she alleged made a contract of temporary insurance.

The plaintiff charged in her petition that on June 12, 1945, Essie Mae Miller applied to the defendant for a policy of industrial life insurance in the sum of $195, at a weekly premium of 25 cents, that the applicant paid two weekly premiums in advance and was issued a receipt and a temporary contract of insurance, a copy thereof being set out in the petition. The receipt stated that the premium deposit and the application were "subject to the conditions shown below and on the reverse side of the receipt." These conditions were then stated as follows: "If a policy be issued on such application, this deposit will be applied toward payment of the premiums thereon; if such application be rejected, this deposit will be returned to the applicant, subject to the conditions stated below. . . If (1) the deposit, receipt of which is acknowledged on the reverse side hereof, equals at least the full first premium on the policy applied for; and (2) if, within two years prior to the date of such application, the person upon whose life the policy is applied for has not received institutional, hospital, medical or surgical treatment or attention for a serious disease, injury, or physical or mental condition; and (3) if the application is approved at the

home office of the company, in New York, the policy will be delivered if the insured is alive on its date of issue; *and subject to the same conditions* (Italics ours), should the death of the person upon whose life the policy is applied for occur prior to the date of issue of the policy and within eight weeks from the date of such application, the company will, upon surrender of this receipt, pay such amount as would have been due under the terms of the policy had it been issued on the date of such deposit."

The plaintiff also alleged that the deposit of 50 cents equalled and exceeded the full first premium; that within two years prior to the date of the application Essie Mae Miller had not received treatments or attention for a serious disease, injury, physical or mental condition; that she died on June 25, 1945, the victim of a homicide; that her death occurred prior to the date of the issuance of the policy applied for and within eight weeks from the date of such application; that on August 13, 1945, more than eight weeks after the date of the application, and more than six weeks after the death of the applicant, the defendant insurance company, in an effort to avoid liability upon said contract, marked the application declined; that demand for payment of the claim had been made upon the company, and that its failure to pay was in bad faith.

The defendant demurred generally to the petition of the plaintiff and specially to certain allegations charging malice and bad faith on the part of the company in refusing to pay the claim. The demurrer was sustained and the case dismissed. The plaintiff excepted.

The whole contention of the plaintiff seems to be that the so-called contract of temporary insurance is ambiguous and is capable of being construed in more than one way, and should be construed in a manner most favorable to the insured and so as to uphold and sustain the receipt as a contract of temporary insurance. We recognize the rule that if a policy of insurance is capable of being construed in two ways, that interpretation must be placed upon it which is most favorable to the insured. See *Mass. Benefit Life Assn. v. Robinson*, 104 *Ga.* 256 (2) (30 S. E. 918, 42 L. R. A. 261). After carefully considering all of the provisions of the receipt we have concluded that it is not ambiguous and that it can not be construed as a contract of

insurance under the facts alleged. The receipt speaks for itself and needs little explanation. After stating the name of the applicant "on whose life insurance is applied for," and that 50 cents as premium deposit has been paid, it states in the first paragraph that the deposit is "subject to the conditions shown below and on the reverse side of the receipt." Three conditions are then set forth, the first two being immaterial in that no question is made as to them, and the case turns on a construction of the third condition which is set out in full in the statement of facts. The third condition plainly and clearly required the approval of the application at the home office of the company in New York before any policy would be delivered to the applicant. The provision for payment of such amount as would have been due under the policy had it been issued on the date of the deposit, should the death of the applicant occur before the policy was issued and within eight weeks from the date of the application, upon a surrender of the receipt, was contingent upon all the conditions expressed in the receipt, including the approval of the application at the home office of the company. In other words, the claim would be paid although the policy had not been issued if death occurred after the application had been approved, and within eight weeks from the date of the application. The petition did not show that the application had been approved, but did show that it had been declined. The failure of the company to take action on the application for more than eight weeks will not be construed as an approval of the application, nor will such failure have the effect of converting the application into a contract of temporary insurance.

"It is a well-settled rule, established by the great weight of authority, that mere delay in passing upon an application for insurance can not be construed as an acceptance thereof by the insurer which will support an action ex contractu." 29 Am. Jur. Ins. § 141. The same rule is stated in Couch on Insurance, Volume 1, § 86. This general rule has been recognized and applied in Georgia. *New York Life Ins. Co.* v. *Babcock,* 104 *Ga.* 67 (30 S. E. 273) ; *Home Ins. Co.* v. *Swann,* 34 *Ga. App.* 19 (128 S. E. 70). See also *McGlothin* v. *U. S. Nat. Life and Cas. Co.,* 36 *Ga. App.* 325 (136 S. E. 535), and *Starkes* v. *Met. Life Ins. Co.,* 58 *Ga. App.* 37 (197 S. E. 520).

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*