34018. AUTOMOBILE INSURANCE COMPANY *v.* TRI-CITY LOCKER CORPORATION.

WORRILL, J. Tri-City Locker Corporation brought suit against Automobile Insurance Company in the Civil Court of Fulton County, and alleged substantially as follows: The defendant issued to the plaintiff a bailees' customers policy of insurance, which provided on page one that the defendant "does insure the assured named and described herein, for

account of whom it may concern, on all kinds of lawful goods and/or articles described herein, being the property of its customers while in the possession of the assured as herein described, against direct loss or damage to such goods and/or articles caused while this policy is in force, by the perils specifically insured against." Paragraph two, page two of the policy reads, "This policy covers meats, poultry, game, vegetables and property of a similar nature . ." Paragraph four states that "This policy, subject to the exclusions and conditions below, insures against all risks of direct loss of or damage to the insured property from any external cause." Exclusion (a) includes "deterioration, inherent vice, natural spoilage, processing or work upon the property unless by fire and then for loss or damage by fire only." The plaintiff, as bailee for hire, stored certain candy for one John L. Parks. The pipes and plumbing running through the storage room sweated or leaked and dripped water onto the storage room where the candy was stored, thereby causing it to become damp, molded, and inedible. Promptly upon discovery of the loss and damage, the plaintiff gave notice to the authorized agent of the defendant, but it declined payment. Parks filed suit against the plaintiff, Tri-City Locker Corporation, which upon service of the suit transferred it to the defendant insurance company, but the defendant returned the suit, whereupon the plaintiff employed attorneys to file appropriate defensive pleadings. By registered letter, the plaintiff formally vouched the defendant into court. Thereafter the plaintiff procured issuance of a rule out of the Civil Court of Fulton County, again formally vouching the defendant into court to defend the suit. The case came on to trial, and judgment was entered against the present plaintiff for $1000 and costs. The plaintiff paid the judgment, and thereafter made written demand upon the defendant to pay the loss, but the defendant again declined payment. To this petition the defendant filed a general demurrer. The defendant excepted to the judgment overruling the demurrer. It is contended by counsel for the defendant that candy does not come under paragraph two of page two, which states that the policy covers "meats, poultry, vegetables and property of a similar nature," and further that the damage was excluded under the clause which specifically rules out damage by "deterioration, inherent vice, and natural spoliage." Counsel for the plaintiff contends that paragraph two on page two should not be construed to limit the opening paragraph on page one, which insures "all kinds of lawful goods," it being argued that the words "described herein" apply only to articles and not to lawful goods. *Held:*

1. The phrase "all kinds of lawful goods and/or articles described herein" is susceptible to two constructions: (1) (a) all kinds of lawful goods and/or (b) articles described herein, and (2) (a) all kinds of lawful goods described herein and/or (b) articles described herein. When a policy of insurance is capable of being construed in two ways, that interpretation must be placed upon it which is most favorable to the insured. *Smith* v. *Metropolitan Life Ins. Co.*, 76 *Ga. App.* 229, 230 (45 S. E. 2d, 471). Accordingly, the phrase in question will be construed to insure: (a) all kinds of lawful goods and/or (b) articles described in the policy. Thus, candy being insured under the coverage

"all kinds of lawful goods," it is unnecessary to determine whether or not it would also be included in the coverage "meats, poultry, game, vegetables and property of a similar nature."

2. The allegation in paragraph nine of the petition, that "The pipes and plumbing running through the storage room where said candy was stored on said premises of plaintiff were so constructed that they sweated or leaked and dripped water onto the storage room where said candy was stored, thereby causing said candy to become damp, molded and inedible," negatives the theory that the damage was caused by an inherent vice of the candy, as counsel for the defendant contends the petition shows, but rather by a fortuitous and extraneous event.

3. The court did not err in overruling the general demurrer to the petition. *Judgment affirmed. Sutton, C.J., concurs. Felton, J., concurs specially.*

DECIDED JUNE 4, 1952—REHEARING DENIED JUNE 20, 1952.

*Smith, Field, Doremus & Ringel,* for plaintiff in error.
*Northcutt & Edwards,* contra.

FELTON, J., concurring specially. I concur in the judgment for the reason that, in view of the nature of the policy coverage in the case, the provision of the policy, "This policy covers meats, poultry, game, vegetables and property of similar nature," refers to such property as might reasonably be stored in a cold-storage plant to protect it from deterioration and spoilage, and that it therefore covered candy.