**41705.  SASSER v. COASTAL STATES LIFE INSURANCE COMPANY.**

ARGUED JANUARY 10, 1966—DECIDED JANUARY 20, 1966.

18

W. T. Mobley, for appellant.

Thurmond, Hester, Jolles & McElmurray, Isaac S. Jolles, for appellee.

EBERHARDT, Judge. ■ ■ "An application for insurance is a mere offer," (*Fort Valley Coca-Cola Bottling Co. v. Lumbermen's Mut. Cas. Co.*, 69 Ga. App. 120 (1) (24 SE2d 846)), and the company is free to accept or reject it. *Boswell v. Gulf Life Ins. Co.*, 197 Ga. 269, 272 (29 SE2d 71). Unless the offer is accepted by the company no contract ever comes into existence and no liability can arise. "The intention of the parties to a life insurance contract controls as it does in other contracts, and we think it was the intention of the parties here for the insurance in question to become effective from the date of the binder receipt, *upon the approval of the application* therein referred to, for this is exactly what the binder receipt states." (Emphasis supplied). *National Life &c. Co. v. Moore*, 83 Ga. App. 289, 292 (63 SE2d 447). "So long as the application is not acted upon by the company, no contract of insurance is consummated, and where the applicant dies before the acceptance of his application, the company has incurred no liability. *Maddox v. Life & Casualty Ins. Co. of Tenn.*, 79 Ga. App. 164 (53 SE2d 235)." *Paulk v. State Mut. Life Ins. Co.*, 85 Ga. App. 413 (69 SE2d 777). "So long as the application is not acted upon by the insurance company, of course no contract has been consummated; and if the applicant should die before the acceptance of

his application, the company has incurred no liability." *New York Life Ins. Co. v. Babcock,* 104 Ga. 67, 70 (30 SE 273). "This offer to take [a policy of insurance by the applicant] would not alone make a contract; but the insurance company's issuance of the policy in response thereto would complete it; for, in this view, it is easy to see that the minds of the parties would [then] meet upon the necessary elements of the contract, namely., . . . the subject-matter, . . . the risk insured against . . . duration of the risk, . . . amount of the indemnity, . . . *the premium.* . ." (Emphasis supplied). *Todd v. German -American Ins. Co.,* 2 Ga. App. 789, 794 (2) (59 SE 94).

"The insurance company might have been willing to insure the stock of goods and ten bales of hay for a certain premium, and yet unwilling, for the same premium, to insure the same goods if it had known that sixty bales of hay were stored in the building." *Alston v. Greenwich Ins. Co.,* 100 Ga. 282, 285 (29 SE 266). And so here, the company may have been willing to insure the applicant's life at a premium of $8.24 per month, but upon learning of his disposition to drink intoxicants it was unwilling to insure him under the contract applied for for less than $10.45 per month. There was never a meeting of the minds on the matter of the premium. Cf. *Golden v. National Life &c. Ins. Co.,* 189 Ga. 79, 84 (2) (5 SE2d 198).

"The time when an insurance policy shall become effective is an essential element of the contract, and the parties may fix a future date upon which it shall become effective." *Pendley v. Union Bankers Ins. Co.,* 99 Ga. App. 189 (4), 190 (107 SE2d 910). Here it was to become effective, by the terms of the application, only "if the policy is issued as applied for." The application was never accepted or approved and no policy of any kind was ever issued.

The mere prepayment of premiums with the application does not bring into existence a contract or impose liability beyond a return of the premium paid. "Where, pending mere negotiations for a policy of insurance, the person on whose life it might or might not have been written dies, the company is not liable on the proposed policy simply because it accepted premiums in advance on the supposition that the policy would

be issued. *Fowler v. Preferred Accident Ins. Co.*, 100 Ga. 330 (2) (28 SE 398); *N. Y. Life Ins. Co. v. Babcock*, 104 Ga. 67 (1) (30 SE 273, 42 LRA 88, 69 ASR 134); *Taylor Lmbr. Co. v. Clark Lmbr. Co.*, 33 Ga. App. 815 (3) (127 SE 905), and citations." *McGlothin v. U. S. Nat. Life &c. Co.*, 36 Ga. App. 325 (3) (136 SE 535). "The acceptance of premiums pending negotiations for the issuance of a policy of life insurance will not bind the company." *John Hancock Mut. Life Ins. Co. v. Ludwick*, 45 Ga. App. 631 (3) (165 SE 918).

Though no delay in taking action upon the application is charged in this case (Agent Jenkins testified that it "usually took from seven to fourteen days to receive back a policy after application was made"), if it had appeared the situation would not be changed. *Smith v. Metropolitan Life Ins. Co.*, 76 Ga. App. 229, 231 (45 SE2d 471). The point of the matter is that until the company has acted upon the application, accepting the offer therein, there is no contract.

■ ■ In her affidavit, submitted in connection with her motion for summary judgment, plaintiff asserted that shortly after her son's death the agent who took the application from him "informed me that my son was insured with the company which would pay triple the amount of the policy." In the affidavit of the agent he asserted that "around the office it was considered that Mary Sasser's claim was valid and that George Sasser was insured." These statements have no probative value. They are at best legal conclusions as to whether a binding contract had existed, and as to this neither of the affiants could testify. *Travelers Ins. Co. v. Thornton*, 119 Ga. 455 (1) (46 SE 678); *Wells v. Metropolitan Life Ins. Co.*, 107 Ga. App. 826, 834 (131 SE2d 634).

No verbal assurance of the agent to the applicant or to the proposed beneficiary that the applicant was insured from the date of the application could bind the company or constitute a contract of insurance. *Fowler v. Preferred Accident Ins. Co.*, 100 Ga. 330 (2), supra. The application itself provided that no statement made by anyone should bind the company unless in writing and submitted to the company with the application. This was a valid and binding provision. *Athens*

*Mutual Ins. Co. v. Evans,* 132 Ga. 703 (2, 3) (64 SE 993); *Mitchiner v. Union Central Life Ins. Co.,* 185 Ga. 194 (194 SE 530). It was unambiguous, and parol evidence as to what the agent may have said at the time it was signed was inadmissible. *Wheeler v. Fidelity & Cas. Co.,* 129 Ga. 237, 240 (58 SE 709); *Reliance Life Ins. Co. v. Hightower,* 148 Ga. 843 (98 SE 469). Unauthorized statements of the agent could not bind the principal unless they were ratified. *Phoenix Ins. Co. v. Gray,* 107 Ga. 110 (4) (32 SE 948).

█ The agent also, in his affidavit, asserted that "I figured him a good risk," and "in my opinion George Sasser was a very good risk and there was nothing on which the company could have refused his application as he met all the requirements." A mere soliciting agent has no authority to bind the underwriting department of the company, whose duty it is to evaluate applications and risks, as to whether any particular risk is good or bad. *Code* § 4-302; *Cotton States Life Ins. Co. v. Scurry,* 50 Ga. 48. And see *Code* § 56-2420. He was in no better position to testify on this matter than he was as to the legal effect of the submission of the application. His evidence in this respect was purely opinion, unsupported by any fact. *Code* § 38-1708. "[A] non-expert witness can not give his opinion unless he also gives the fact or facts upon which he bases his opinion." *Alabama Great Southern R. Co. v. Brown,* 140 Ga. 792, 797 (79 SE 1113). But if this had not been true, the evidence would not have been sufficient to bring into existence a contract of insurance between the applicant and the company. That could not happen until the company accepted and approved the application—even though the applicant may have been a perfectly good risk.

The pleadings with the evidence submitted demanded a finding that no contract of insurance existed and the grant of a summary judgment on motion of the defendant company was proper.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*