43549.   WATKINS et al. v. COASTAL STATES LIFE INSURANCE COMPANY et al.

ARGUED APRIL 2, 1968—DECIDED JULY 8, 1968.

146

*Adams & Adams, Robert B. Adams, Isaac C. Adams,* for appellants.

*Pittman & Kinney, H. E. Kinney,* for appellees.

QUILLIAN, Judge. ■ The petition in the present case was designed to allege a cause based upon the defendant insurance company's negligence in failing to pass upon an application for life insurance within a reasonable time. Under procedure prior to the Civil Practice Act of 1966, in order to plead such action, the basic facts that had to be alleged were the existence of a valid application and that the application was submitted to the insurance company. *Maddox v. Life & Cas. Ins. Co.,* 79 Ga. App. 164, 169 (53 SE2d 235). The petition undertook to specify these facts with allegations that the application submitted by the applicant was in the possession of the defendant insurer. These averments disclosed, at least prima facie, that the applicant knew, assented to, and was bound by the terms of the application, as is the plaintiff in this case.

According to the cases of *Brown v. Mack Trucks,* 111 Ga. App. 164 (141 SE2d 208), and *Hart v. Waldo,* 117 Ga. 590 (43 SE 998), which deal with similar situations, the provisions of the application were properly for the judge's consideration in passing upon the legal sufficiency of the petition.

■ In the annotations of 32 ALR2d 487, 492, is the statement: "There is an almost even division of authority on the question whether an insurer may be liable in tort for damage resulting from delay in passing upon an application for insurance, with the question still open in several jurisdictions." Georgia may be classified as a jurisdiction coming within the latter category, because our courts appear never to have reviewed a case of that precise nature. However, the courts of this state furnish ample precedent to guide in the decision of this case.

In this jurisdiction a tort action based upon the negligence of the insurer in failing to pass upon an application for life insurance is not permissible. Our courts uniformly hold an application for life insurance is a mere offer or proposal that may be accepted or rejected by the insurer. *Fort Valley Coca-Cola Bottling Co. v. Lumbermen's Mut. &c. Co.*, 69 Ga. App. 120 (24 SE2d 846); *Sasser v. Coastal States Life Ins. Co.*, 113 Ga. App. 17, 19 (147 SE2d 5). Where the applicant dies before the company passes upon the application, there is no liability, even when the premium paid by the applicant in anticipation that the policy will be issued is not returned until after his death. *Starkes v. Metropolitan Life Ins. Co.*, 58 Ga. App. 37 (197 SE 520); *Smith v. Metropolitan Life Ins. Co.*, 76 Ga. App. 229, 231 (45 SE2d 471) and *Sasser v. Coastal States Life Ins. Co.*, 113 Ga. App. 17, 19, supra. According to *Smith v. Metropolitan Life Ins. Co.*, 76 Ga. App. 229, 231, supra, delay in passing upon the application makes no difference especially where, as in the present case, the application stipulates there is no liability unless the application is accepted. It was held in *Maddox v. Life & Cas. Ins. Co.*, 79 Ga. App. 164, 170, supra: "A contract of life insurance is consummated upon the unconditional written acceptance of the application for insurance by the company to which such application is made. . . So long as the application is not acted upon by the insurance company, of course no contract has been consummated; and if the applicant should die before the acceptance of his application, the company has incurred no liability. *New York Life Ins. Co. v. Babcock*, 104 Ga. 67 (1), 70 (30 SE 273)."

While not a Georgia case in the sense that it is a precedent binding upon the courts of this state, the case of Burks v. Colonial Life &c. Ins. Co., 98 FSupp. 140, 146, disposes of the question involved here in a definitive manner and clearly pronounces the law of this state as interpreted by the appellate courts. The case reads in part: "Plaintiff contends that defendant should have promptly accepted or rejected the application and notified the plaintiff of its action. Plaintiff contends that the delay of the defendant was unreasonable and prevented the applicant from securing other insurance, which he would have done, had he known he was not covered.

"Insofar as this count is concerned, this would seem to be a case of first impression in Georgia. It is elementary that there can be no tort without a breach of a legal duty or invasion of a private right. Munger v. Equitable Life Assur. Soc. of the U. S., (D. C.) 2 FSupp. 914 (1, 2). In the absence of statute (and we find no such Georgia statute), before the court could say that the forwarding of an application to the defendant placed on the defendant a duty to act promptly or even to act at all, it would be necessary at least to find that insurance companies were affected with such a public interest as to give rise to such legal duty. No Georgia court decision to this effect has come to the court's attention, and this court is unwilling to so hold.

"This court is of the opinion that the mere filing of an application for insurance with defendant company did not place on the defendant any duty to act reasonably or promptly, or even to act. This being true, the defendant's conduct did not amount to a breach of duty so as to constitute a tort."

The appellant contends that the trial judge erred in passing upon and sustaining the demurrers interposed to the petition filed before the Civil Practice Act became effective. If we treat the petition as being tested by general demurrer or by a motion to dismiss under the Civil Practice Act (see *Hill v. Willis*, 224 Ga. 263, 264 (161 SE2d 281)), the result is the same since the trial judge did not err in dismissing the petition. "A (complaint) may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made." *Poole v. City of Atlanta*, 117 Ga. App. 432, 434 (160 SE2d 874).

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*