## 53729. PEARLMAN v. UNITED INSURANCE COMPANY OF AMERICA.

DEEN, Presiding Judge.

The plaintiff's deceased husband applied for life insurance from the defendant on June 14, 1975. The application was certified by the district manager on June 20 and a physical examination requested. Whether the

applicant was informed of this fact or not is contested, as is the question of whether the uncashed three-month premium check which accompanied the application was destroyed at the plaintiff's request. The applicant, although checking box 14 (c) of the application which indicated he had not consulted a physician in the past five years, had been to a physician in March and April and on June 13 prior to signing the application. He returned the first week in July, was hospitalized, the condition diagnosed as malignant lymphoma on July 16, and he died on October 4. The widow made claim against the company, which had never issued a policy, and upon denial filed this suit, which terminated in a summary judgment for the insurer. *Held:*

1. The "conditional receipt" given the applicant on June 14 reads as follows: "(1) If the application is not accepted by the company and a policy is not issued and delivered, the above amount will be returned to the applicant. (2) If the above amount equals to the full first premium as specified in the application and is received with the application and the application is approved as submitted, the policy applied for should be in force from the date of the application." As we have noted, the check was not returned, and on summary judgment we must assume, the fact being contested, that the plaintiff did not authorize its destruction. This would mean the policy was still theoretically under consideration, and the appellant urges that negligence in holding a policy for such an unconscionable time as from June 14 to October 4 and thereby preventing the applicant from obtaining insurance elsewhere would be an actionable tort. In *Watkins v. Coastal States Life Ins. Co.*, 118 Ga. App. 145 (2) (162 SE2d 788), the application was retained from July 8 to July 28 when the applicant died, and the court held that an action against an insurer or its agent for unreasonable delay in passing on an application for life insurance is not permitted in this state.

Regardless of whether this would be true if the length of delay was in fact unconscionable, it is here perfectly apparent that within two or three weeks after the application the deceased, who four days after his offer was determined by the company to be required to undergo a

50

physical examination, was hospitalized and found to be suffering from a fatal disease. Under the facts, not only does *Watkins* preclude an action based on delay but it cannot seriously be contended that the deceased here could, after any reasonable time for processing this application, have obtained life insurance elsewhere. The conditional receipt therefore offers no comfort to the plaintiff.

2. It is further urged that the insurance agent Boyett, a friend of the applicant, was equally an agent for him and the insurer, a fact known to the latter. If we assume that Boyett's failure to inform Pearlman at once that he' would be required to submit to a physical examination was negligence, and that Boyett was equally an agent of both parties, the fact that he was the *applicant's* agent would not of itself result in assessing liability against the insurer. Whether or not Boyett was acting as the applicant's agent has no bearing on the question of whether, in acting as the insurer's agent, he was guilty of negligence imputable to the insurer. This action is not against Boyett, and we fail to see in what manner it would, as the appellant contends, have a responsibility to see that "Boyett carried out his fiduciary duties to Mr. Pearlman" while acting as agent for the latter.

The trial court properly entered summary judgment in favor of the defendant.

*Judgment affirmed. Marshall and Smith, JJ., concur. Webb, J., disqualified.*

SUBMITTED APRIL 6, 1977 — DECIDED APRIL 19, 1977.

*Wingate, Bartlett & Baynard, Robert E. Baynard,* for appellant.

*Perry, Walters, Lippitt & Custer, Jesse W. Walters,* for appellee.