## A92A1894. WORLD INSURANCE COMPANY v. BLALOCK.
(429 SE2d 276)

CARLEY, Presiding Judge.

The late Mr. Roy Blalock brought suit, alleging that appellant-defendant afforded him health insurance coverage as to certain medical expenses. Appellant answered, denying coverage and, after discovery, moved for summary judgment. Appellee-substitute plaintiff, in his capacity as Blalock's executor, opposed appellant's motion. The trial court denied the motion for summary judgment but certified its order for immediate review. Appellant applied for an interlocutory appeal and the instant case results from the grant of that application.

It is undisputed that appellant *never* issued a health insurance policy to Blalock. Compare *Travillian v. Ga. Farm &c. Ins. Co.*, 182 Ga. App. 241 (355 SE2d 677) (1987); *Falagian v. Leader Nat. Ins. Co.*, 167 Ga. App. 800 (307 SE2d 698) (1983); *Morris v. Aetna Life Ins. Co.*, 160 Ga. App. 484 (287 SE2d 388) (1981); *Life & Cas. Ins. Co. of Tenn. v. Truett*, 112 Ga. App. 338 (145 SE2d 84) (1965). Indeed, it is undisputed that appellant *rejected* Blalock's application for a policy. The sole contention is that appellant nevertheless afforded coverage pursuant to the terms of a conditional receipt provided to Blalock at the time he applied for coverage. By its express terms, however, the conditional receipt provided *no* coverage to Blalock *until* appellant was "satisfied that, at the time of completing . . . the application . . ., [Blalock was] insurable under [appellant's] rules. . . ." In Georgia, it is clear that an insurer incurs *no* contractual liability under such a conditional receipt *until* it has made an affirmative determination as to the insurability of the applicant. "[I]t depended upon the stated conditions whether any insurance was provided by the receipt." *W. O. W. Life Ins. Society v. Etheridge*, 223 Ga. 231, 235 (154 SE2d 369) (1967). "That is, the determination of insurability was a condition precedent to a determination that coverage existed. [Cit.]" *McCullers v. Auto-Owners Life Ins. Co.*, 771 F2d 1491, 1493 [1] (11th Cir. 1985) (construing Georgia law). "Where, in consideration of a payment made to an insurance company of a certain stipulated amount of money as a premium for . . . insurance, the company agrees that upon the approval at the home office of the application for the issuance of the policy, the company will, in the event of [an insurable occurrence] prior to the issuance of the policy, pay . . . the amount of the insurance which would have been due had the policy been issued, there arises no contract of insurance in the absence of an approval of the application at the home office." *Hill v. Life & Cas. Ins. Co.*, 51 Ga. App. 578 (1) (181 SE 104) (1935). See also *Smith v. Metropolitan Life Ins. Co.*, 76 Ga. App. 229 (45 SE2d 471) (1947). " 'While it is true that in the *Hill* and *Smith* cases, supra, the receipt required approval "at the home office of the company," the applica-

tion and receipt now under consideration are not rendered ambiguous because they do not contain such a statement. Clearly, under both the application and the conditional receipt, the company must be satisfied of the insurability of the applicant and that applicant was a risk acceptable to the company under its rules.' " *Maddox v. Life & Cas. Ins. Co. of Tenn.*, 79 Ga. App. 164, 172-173 (3) (53 SE2d 235) (1949).

The instant application and conditional receipt would only constitute an enforceable contract of insurance "when and if the application [was] completed by the approval of [appellant] and [Blalock was] found to be insurable for the amount and plan applied for as a standard risk." *W. O. W. Life Ins. Society v. Etheridge*, supra at 236. It is undisputed that that event *never* occurred. It follows that the trial court erred in denying appellant's motion for summary judgment. "Under Georgia law, a 'Conditional Receipt' is simply that: conditional. Coverage is conditional upon the approval of the risk by the home office. Until approval is given, . . . full coverage under the policy does not exist." *McCullers v. Auto-Owners Life Ins. Co.*, supra at 1495 [2].

*Judgment reversed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 16, 1993 —

*McClure, Ramsay & Dickerson, John A. Dickerson*, for appellant.

*Stewart, Melvin & House, William H. Blalock, Jr.*, for appellee.