## 45569.   FEDERATED MUTUAL IMPLEMENT & HARDWARE INSURANCE COMPANY v. BARKER.

WHITMAN, Judge. 1. The appellant insurance company has appealed from and enumerated as error the overruling of its second renewed demurrers (which were treated as a motion to dismiss for failure to state a claim) to the plaintiff's complaint as twice amended. Wherever reference is hereinafter made to plaintiff's complaint the reference is to plaintiff's complaint as amended.

Plaintiff Barker's complaint alleged that he had health and accident insurance coverage under a group plan which covered himself and his dependents, but that his claim for expenses incurred on account of his dependent wife had been denied. Attached to the plaintiff's complaint were (1) the master or group policy issued by the defendant to the Georgia Farm Equipment Association, (2) the plaintiff's "Group Insurance Enrollment and Record Card," and (3) a certificate of insurance certifying the plaintiff and his dependents to be insured under the master policy for the benefits set forth in the certificate effective as of the effective date appearing on the enrollment-record card.

The master policy of date April 3, 1961, recites on its face that it is effective for a period from February 1, 1961, to February 1, 1962, and is renewable on the latter date. The effective date of plaintiff's benefits under the master policy, as appears from his certificate of insurance and enrollment-record card, is April 1, 1961.

The plaintiff's complaint alleges that his wife suffered a fall on March 17-18, 1961, which broke her leg, causing certain hospital expenses for which he had made claim but was denied. The

fall occurred before the "April 1, 1961" date, which, from the certificate of insurance and the enrollment-record card, is the effective date of plaintiff's benefits under the master policy. It thus appears from the complaint as amended, and exhibits attached, that the cause of the expenses claimed arose before the effective date of the insurance and they were not covered. Moreover, it does not appear from the complaint that the defendant had any knowledge of plaintiff's alleged fall at or prior to the time of the issuance of its master policy, or prior to the issuance of the certificate to plaintiff thereon, or prior to the effective date of the enrollment-record card. See in this connection *Fowler v. Preferred Acc. Ins. Co.,* 100 Ga. 330 (28 SE 398); Hansen v. Continental Cas. Co., 156 Wash. 691 (287 P 894). The complaint states no claim for which relief may be granted. It was error to deny the defendant's motion to dismiss.

2. The plaintiff's complaint was first amended to allege "February 1, 1961" (the effective date set forth in the master policy between the defendant and the Georgia Farm Equipment Association) as the effective date of the plaintiff's benefits under the policy. The complaint was finally amended so as to strike the "February 1, 1961" date and allege "January 1, 1961" as the effective date of the plaintiff's benefits under the policy. It was further alleged in the final amendment that plaintiff "paid premiums on said insurance policy effective January 1, 1961, and all months thereafter." However, as above stated, the certificate of insurance, together with the enrollment-record card attached to plaintiff's complaint as amended, and upon which he predicates his claim, and upon which his claim must be predicated, show the effective date of April 1, 1961, and are controlling.

3. By the first amendment to plaintiff's complaint he alleged in substance that the group insurance enrollment-record card was filled out by one Williams, duly authorized agent and salesman of defendant insurance company, in December, 1960, and signed by the plaintiff, and that the agent told him and contracted with him that the effective date of insurance would be January 1, 1961, and that he would have the policy so issued, and that he instructed the officials of the insurance company to

make the policy effective January 1, 1961. The enrollment-record card in the lower left-hand corner shows on the date line signed by plaintiff "————————, 1961," whereas in the upper right-hand corner the effective date is shown as April 1, 1961. By the certificate by which the enrollment-record card is made a part, both as to plaintiff and his dependent, it is expressly provided that the effective date is as shown on the card.

By the Georgia Insurance Code enacted in 1960 it became effective on January 1, 1961. See *Code Ann.* §§ 56-101, 56-115. By this Act it is provided (*Code Ann.* § 56-2402) that "'policy' means the written contract of or written agreement for or effecting insurance, and includes all clauses, riders, endorsements and papers attached or issued and delivered for attachment thereto and a part thereof." The statement of the agent and the alleged contract, which must be regarded as oral in nature, could not and did not operate to affect, modify or change the written certificate and enrollment-record card as to the effective date of the coverage. See *Posey v. Gulf Life Ins. Co.,* 115 Ga. App. 531 (154 SE2d 745), and cases cited.

4. The complaint cannot be considered as alleging the elements necessary for reformation of the contract, but even if it could, only a court of equity could grant such relief. *Fowler v. Preferred Acc. Ins. Co.,* 100 Ga. 330, supra; *Cutright v. National Union Fire Ins. Co.,* 65 Ga. App. 173, 177 (15 SE2d 540).

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 8, 1970— DECIDED FEBRUARY 4, 1971.

*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame,* for appellant.

*Scott & Alexander, Guy B. Scott, Jr.,* for appellee.